[Carlisle v. Watts.]

# Carlisle *v.* Watts.

*Statutory Action in nature of Ejectment.*

1. *Sale of lands for unpaid taxes; jurisdiction of court.*—Under the statute approved February 12th, 1879, providing for the sale of lands for delinquent taxes (Sess. Acts 1878-9, p. 1), the powers conferred on the Probate Court are special and limited; and to sustain a decree of sale, the record must affirmatively show jurisdiction, both of the subject-matter and of the person.

·2. *Same; notice.*—The statute requires that notice, the form of which is prescribed, must be served upon the owner, his agent or representative, or left at his residence; or, if the owner is unknown, or is a non-resident, must be given by publication; and such notice is preliminary and essential to the jurisdiction of the person.

3. *Same; notice to decedent's estate.*—After the death of the owner, the notice must be given to his heirs, or to his personal representative; and a notice addressed to his *estate,* and left at his former residence, confers no jurisdiction to order a sale, when it is shown that he had died many years before, that his estate had been finally settled and distributed, and that the lands were, at the time of the assessment, in the possession of purchasers from his heirs. ·

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Robert C. Carlisle, against Sim. Watts, to recover the possession of three parcels of land, particularly described, containing in all 150 acres; and was commenced on the 8th May, 1885. The cause was tried on issue joined on the plea of not guilty, and, a jury being waived, the court decided the issue in favor of the defendant. The plaintiff excepted to the decision and judgment of the court, and now assigns it as error, with rulings on evidence which require no special notice. The opinion states the material facts.

SUMTER LEA, for the appellant.

WHITE & WHITE, *contra.*

CLOPTON, J.—The lands in controversy were sold for taxes, in August, 1882; and the validity of the sale, on which the right of the plaintiff to recover depends, must be determined by the provisions of the "Act to provide for the sale of lands and other real estate for delinquent taxes, and the redemption thereof," approved February 12, 1879.—Sess. Acts 1878-79, p. 1. The design of the statute is to provide a judi-

[Carlisle v. The State.]

cial sale of lands for delinquent taxes, having in view the protection of the tax-payer, by affording him an opportunity to be heard before being deprived of his property, and the protection of the purchaser against the proverbial insecurity of tax-titles, by a sale under the judgment of a court, ascertaining the amount and the delinquency of the taxes, and the liability of the lands. To this end, special powers are conferred on the Probate Court. But such powers are limited and statutory, and on established principle, to sustain the judgment of the court, the record must affirmatively show the facts essential to the exercise of the jurisdiction.—*Driggers v. Cassady*, 71 Ala. 529. . Jurisdiction of both the subject-matter and the person is requisite.

Whether, in such case, the decree of sale is conclusive of a valid assessment as to the person against whom the taxes are assessed, or whether the description and statements, as entered in the book delivered to the judge of probate, are sufficient to give the court jurisdiction of the subject-matter, are questions it is not necessary to consider or decide. The statute provides, that thirty days before the beginning of the term of the court, for which the cause is set for trial, the probate judge shall issue to the owner, his agent or representative, a notice in the form prescribed ; a copy of which must be served upon, or left at the residence of such owner, his agent or representative ; and if the owner is unknown, or a non-resident, the notice shall be by publication in a newspaper ; or, if no newspaper is published in the county, by posting notices at the door of the court-house for three weeks. Service of notice, as required by the statute, is preliminary and essential to jurisdiction of the person.

The notice issued by the judge of probate was directed "*to est. Robt. Carlisle, reputed owner*,"—the taxes having been assessed in the same manner ; and it was returned executed by leaving copy "at residence of Robert Carlisle." The lands sued for constituted a part of a tract of about nine hundred acres, which was owned by Robert Carlisle, who died many years prior to the assessment for taxes, which was made in 1881. His estate was finally settled and distributed in April, 1879, in the Probate Court of Dallas county ; and in August following, the lands were partitioned between his heirs, and mutual conveyances were executed ; the lands in controversy having been allotted to A. S. Carlisle. On such partition being made, the heirs entered into possession of their respective portions, and they and those claiming from them have been ever since in possession. A. S. Carlisle, in January, 1880, conveyed the lands to Meyer Bros., who conveyed to the defendant,—a part in June, 1880, and the balance in October,

[Carlisle v. The State.]

1884. The defendant and Meyer Bros. were in possession when the lands were assessed.

Though the statutory proceedings to condemn real estate to sale for the payment of delinquent taxes may be regarded as partaking of the nature of proceedings *in rem;* when personal notice is required, no valid decree can be rendered unless such notice is given. Ten days must intervene between the service of the notice and the commencement of the term of the court to which it is returned, before the judge of probate is authorized to enter a decree of sale. When it is reasonably practicable to ascertain who is the owner of the land, the statutes require that the lands shall be assessed against such person.—*Oliver v. Robinson,* 58 Ala. 46. And the intention is, that personal notice shall be given to the person, if a resident, who has an adverse interest, that he may appear and defend —to the person liable for the taxes. The prescribed form of notice is adapted only to persons upon whom it may be served, either personally, or by leaving at the residence, or by publication ; and who are capable of acting on its requisition. On the death of the owner of real estate, the title and ownership vest in his heirs, subject to the statutory powers of the personal representative. The estate is not, and can not be, the real or reputed owner, though, for the purpose of paying the debts, the lands are treated as assets of the estate. In such case, a valid judgment can not be rendered declaring a lien, and ordering a sale of the lands, without notice to the personal representative, who represents the estate, or to the heirs, who represent the title and ownership. When the estate of a decedent has been finally settled and distributed, the personal representative discharged, and his lands partitioned among the heirs, notice addressed to the *estate,* and served by leaving a copy at the residence occupied by the deceased at the time of his death, is not notice to the owner, his agent or representative; does not bind the legal representatives, or any person holding under them ; and is not such notice as is requisite to the authority of the court to decree a sale of the lands for delinquent taxes. On the uncontroverted facts, the plaintiff is not entitled to recover.—*Thatcher v. Powell,* 6 Wheat. 119.

Affirmed.