[Watson v. Kent.]

# Watson *v.* Kent.

*Statutory Action in nature of Ejectment, by Purchaser at Tax Sale.*

1. *Acts of Feb. 12th and Feb. 13th, 1879, relating to sale of land for delinquent taxes.*—The act approved February 13th, 1879, entitled "An act relating to land sold for payment of taxes," being of later date than the act approved February 12th, entitled "An act to provide for the sale of land and other real estate for delinquent taxes, and the redemption thereof" (Sess. Acts 1878-9, pp. 3-8, 8-9), necessarily supersedes and repeals it, so far as there is any conflict between the two.

2. *Same; conclusiveness of judgment ordering sale.*—Under the said statute of February 12th, 1879, as construed in *Driggers v. Cassady* (71 Ala. 529), where lands have been judicially condemned to the payment of taxes by a judgment of the Probate Court rendered in conformity to the provisions of the statute, the record *prima facie* showing jurisdiction, such judgment is conclusive on the tax-payer, as a general rule, and can not be impeached on any ground which would have been a good defense against its rendition; but, under the later statute, the tax-payer may, notbwithstanding the judgment, show that the taxes had been paid.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Robert Watson, against Randolph Kent, to recover the possession of three parcels of land, each containing forty acres, subdivisions of section five (5), in township eleven (11), range nineteen (19); and was commenced on the 8th September, 1884. The defendant pleaded not guilty, and the cause was tried on issue joined on that plea. The plaintiff claimed the land under a purchase at a sale for unpaid taxes; and he produced in evidence the docket of the tax-collector, which showed that the three parcels of land were assessed for the year 1881 to "unknown owner," and that a judgment of condem·ation in regular form, declaring a lien, and ordering a sale of the lands, was rendered by the probate judge on the 10th April, 1882; and a deed executed to him by the probate judge on the 24th May, 1884, which recited that he became the purchaser at a sale made on the 22d May, 1882, and that the lands had never been redeemed; and he also proved that legal notice of the sale had been given by public advertisement as required by law. The defendant then introduced the assessment-book (Code, §§ 395-6), which showed the assessment of taxes against him for the year 1881, amounting to $37.20, the subdivisions of his lands not being specified, nor

[Watson v. Kent.]

other description of them given; and the book required by law to be prepared by the probate judge, and by him delivered to the tax-collector (Code, § 435), showing the taxes assessed against him for the year 1881, and an entry by the collector showing their payment. He also introduced the tax-collector as a witness, who testified to his payment of the taxes assessed against him for the year 1881, prior to the 1st March, 1882; and testified to the same fact himself. To each part of this evidence the plaintiff objected, on the ground that it contradicted the judgment of condemnation, and he excepted to the overruling of his several objections. The admission of this evidence, and a general charge in favor of the defendant, to which the plaintiff also excepted, are assigned as error.

N. W. GRIFFIN, for the appellant.

WM. H. PARKS, *contra.*

SOMERVILLE, J.—In *Driggers v. Cassady,* 71 Ala. 529, we construed the act of the General Assembly approved February 12th, 1879, entitled "An act to provide for the sale of land and other real estate for delinquent taxes, and the redemption thereof."—Acts 1878–9, pp. 3–8. We there laid down, as a general rule, that where the lands of an owner had been judicially condemned to the payment of taxes, by a judgment of the Probate Court rendered in conformity to the provisions of this act, the record *prima facie* showing jurisdiction, such judgment would be conclusive on the tax-payer, and could not ordinarily be attacked on any ground which could have been pleaded in defense on the trial, or in bar of the rendition of such judgment of condemnation. To this rule there seems to be, at least, one exception, which is specified in an act of the General Assembly approved February 13th, 1879—one day later than the former act—and which is entitled "An act relating to land sold for the payment of taxes." This statute provides, among other things, that where a tax-sale, from any cause, is invalid to pass the title of land to the purchaser, it shall nevertheless operate to transfer to the purchaser the *lien* of the State or county on the property, for the payment of the taxes for which it was sold.—Acts 1878–9, pp. 8–9. The purchaser, or any one claiming under him, is authorized to sue the owner to recover possession of such lands; and it is declared that, "if final judgment be rendered that the plaintiff is not entitled to recover possession, on the ground of any *invalidity* in such sale, *except* for the reason *the taxes were not due,*" the court shall impanel a jury to ascertain the amount of taxes for which the land is chargeable in the plaintiff's favor,

[Crim v. Nelms.]

and shall render judgment for him in this sum, with interest at the rate of twenty-five *per centum per annum*, with costs of suit; which is made a lien on the land, and may be enforced by execution as in other cases.—Acts 1878-79, § 3, p. 9.

We can place but one construction on this act, which, being more recent in date than the act approved February 12th, 1879 —construed by us in *Driggers v. Cassady, supra*—must operate to repeal it so far as there is any conflict between the two. The later statute recognizes the fact, that there may be cases where the judgment of the Probate Court, ordering the sale of lands for taxes, under the provisions of the older statute, is not conclusive on the owner as to its validity; and one of the exceptions, which is designated *eo nomine*, is where " the taxes were *not due*." It is true that the judgment itself finds specially that such taxes were due and unpaid, and any proof of such payment contradicts the judgment. But the answer to this is, that the statute authorizes this to be done, where for any reason the owner did not owe the tax.

The evidence introduced in the present case shows that the owner had paid his tax, and nothing therefore remained due from him to the State or county. This evidence was properly admitted, under the influence of the statute under discussion; and the judgment must be affirmed.