# Fleming *v.* McGee.

*Statutory Action in the Nature of Ejectment.*

1. *Sale of land for delinquent taxes ; affidavit of tax collector as to want of personal property.*—In a proceeding to sell lands for delinquent taxes, under the provisions of the act approved February 12, 1879, (Sess. Acts

[Fleming v. McGee.]

1878–9, p. 8, § 12), the affidavit which the collector is required to make as to his inability to find personal property after diligent search, is a jurisdictional fact, without which the order of sale is void.

2. *Auditor's certificate to purchasers.*—If the State acquired no title by its purchase at the tax sale, because the court had no jurisdiction to make the order of sale, his certificate of transfer conveys none to the transferree or sub-purchaser.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. J. M. CARMICHAEL.

The material facts appear in the opinion.

W. D. ROBERTS, for appellant.
J. D. GARDNER, *contra.*

SOMERVILLE, J.—In the recent case of *Wartensleben v. Haithcock,* decided at the present term, we held that, in a proceeding before the Probate Court for the condemnation of lands for the payment of delinquent taxes, under the act of February 12, 1879, it was necessary to the validity of a tax sale, that the docket or book of the tax collector required to be delivered by him into the office of the probate judge, should be verified by the affidavit of the collector, in accordance with the requirements of section 12 of this act. Acts 1878–9, pp. 3–8. It is provided by this section that the tax collector shall, at the end of this docket, "enter, make, and subscribe the following oath," to be administered by the judge of probate : "I do solemnly swear I have, in each case entered in this book, *made diligent search for personal property* of the party against whom the taxes are respectively assessed, and after diligent search, *I was unable to find sufficient personal property,* subject to taxation, from which to collect taxes, or any part thereof." The making, subscribing, and entering of this affidavit we held to be a jurisdictional fact, in the absence of which the proceeding of the Probate Court, making an attempted sale, would be void.

The tax collector's docket, introduced in this case as the foundation of the plaintiff's title to the lands sued for, was not verified by this, or indeed, by any affidavit. The court erred, therefore, in admitting it, and also in giving the affirmative charge to find for the plaintiff.—*Driggers v. Cassady,* 71 Ala. 529 ; *Carlisle v. Watts,* 78 Ala. 486 ; *Watson v. Kent, ib.* 602.

2. If the State acquired no title by purchase at the tax sale, the Auditor's certificate of transfer could, of course, confer none, for it purports to transfer to the plaintiff by

[Chandler v. Jost *et al.*]

way of redemption, only the "rights acquired by the State to the lands described, under and by virtue of the sale for taxes."—*Boykin v. Smith,* 65 Ala. 294.

Reversed and remanded.