# McGee *v.* Fleming.

*Statutory Action in nature of Ejectment.*

1. *Sale of lands for delinquent taxes; recitals of decree, and proof of notice.*—To sustain a sale of lands for delinquent taxes, the record must affirmatively show the service and return of notice as required by statutory provisions; and while a recital in the decree, "that notice has been given as required by law," may be *prima facie* sufficient, it is not conclusive, and does not prevent the introduction of the original notice as evidence, showing to whom issued, upon whom served, and how; and the original notice having been lost or destroyed, never having been recorded, secondary evidence of its contents may be received.

2. *Same; sufficiency of notice* —Where the lands had belonged to a person who was deceased at the time they were assessed, notice should be given to his personal representative. heir, or some other person having an adverse interest, who is capable of appearing and defending; and notice to *the estate* of the deceased is not sufficient to support a decree and sale as against the heir.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by D. H. McGee, against Jesse Fleming, to recover the possession of a tract of land containing 320 acres; and was commenced on the 13th February, 1886. The cause was tried on issue joined on the plea of not guilty. The land was sold for delinquent taxes, on the 15th May, 1882, and was bought in by the State; and it was redeemed by the plaintiff, as shown by the auditor's certificate of transfer to him, on the 12th July, 1884. On the trial, as the bill of exceptions shows, the plaintiff read in evidence the decree of sale rendered by the judge of probate, the entries in the tax-collector's docket relating to the assessment and sale, and the certificate of transfer by the auditor. The entries in the tax-collector's docket recited that the land was assessed to "*Carnett, John, Est. of;*" and the decree of sale recited that "notice has been given as required by law," of the motion for an order of sale. The defendant introduced evidence proving that John Carnett died "more than twenty years ago;" that there had never been any administration on his estate; that defendant's wife was the sole heir at law of said John Carnett, and resided

in Coffee county, both at the time of said sale, and for twenty years prior thereto; and he introduced the original book of assessments, "which showed that the lands were assessed that year to the estate of John Carnett, deceased." The judge of probate was also introduced as a witness by the defendant, and testified "that the original notice in said case given by the judge of probate had been destroyed, but that said notice was given to the estate of John Carnett, deceased, and not to the heirs of said Carnett; and that the heir of said Carnett never had any notice of the application of the tax-collector to sell said lands for the payment of said taxes." The plaintiff objected to the admission of each part of the evidence introduced by the defendant, and excepted to the overruling of his objections; and these rulings are the only matters now assigned as error.

JNO. D. GARDNER, for the appellant.

W. D. ROBERTS, *contra.*

CLOPTON, J.—Service of notice, and return thereof, as required by the statute, are essential to the jurisdiction of the court to decree a sale of land for the payment of taxes, and should appear of record. Whilst it may be that the recital of the decree of sale is *prima facie* evidence of proper and sufficient notice, when the notice served has been lost or mislaid, it would be competent to introduce the original notice, if in existence, to show its character, to whom issued, and upon whom and how served. The original notice having been destroyed without being recorded, it was competent to prove by the judge of probate its destruction, and that it was issued to "the estate of John Carnett, deceased," to whom the land was assessed as entered in the docket delivered to the judge of probate by the tax-collector. Such evidence does not vary or contradict the recital of the decree, "that notice has been given as required by law," there being no recital of the *contents* of the notice.

In *Carlisle v. Watts*, 78 Ala. 486, we held, that in case of the death of the owner of real estate, notice to the estate of the decedent is insufficient, and that notice should be given to the personal representative, or to the heir,—to some person having an adverse interest, and capable of appearing and defending. As shown by the record, John Carnett had been dead for twenty years before the assessment of the land for taxes; no personal representative of his estate had ever been appointed, and the wife of the defendant was his

only heir, and had resided in the county since the death of her father. Notice was not served on her.

The judgment is affirmed, on the authority of *Carlisle v. Watts, supra.*