# Riddle *v.* Messer.

### *Statutory Action of Ejectment.*

1. *Sale of lands for unpaid taxes; docket of tax-collector.*—The docket which the tax-collector was required to keep under the provisions of the law in force in March, 1881 (Sess. Acts 1878–9, pp. 1–8), was required to contain a description of each parcel of land upon which the taxes were unpaid, as assessed, with the name of the owner, or the fact that the owner was unknown, and the amount of taxes and charges due and unpaid; these descriptions were to be entered by the beats of the residence of the owners, if known, and in alphabetical order, or the beat in which the land was situated, if the owner was unknown; and vacant spaces were to be left for the entry of other facts relating to the sale, as afterwards occurring.

2. *Same; docket of probate judge*—The probate judge was also required to keep a docket, which must contain (1) a description of each parcel of land sold, or offered for sale, as described in his decree docket; (2) the amount of each kind of tax, as shown by the collector's docket; (3) the penalties and costs for each parcel sold; (4) what part of each lot was sold; (5) the name of the purchaser; (6) the price paid, and (7) the date of the sale, or a statement of the fact that no sale had been made.

3. *Same; using one docket in common.*—Although the statute contemplates that separate dockets shall be kept by the collector and the probate judge, yet they may use one and the same book or docket, when it contains all the entries and other requisites prescribed for each.

4. *Entry of owner's name and residence.*—The collector's docket, which is intended to be used also by the probate judge as a decree

[Riddle v. Messer.]

docket, is required to state the owner's name, with the description of his land, &c., in the space appropriated to his particular beat, and the names are to be entered in alphabetical order; and the book offered in evidence in this case shows a substantial compliance with these statutory provisions.

5. *Description of lands in docket; abbreviations.*—The abbreviations not infrequently used (as the court knows) in describing lands—as "W. 2 of S. E. 4 of sec. 23," for the west half of the south-east quarter of section 23—may be used in the collector's docket.

6. *Affidavit appended to collector's docket.*—The affidavit which the collector is required to subscribe at the end of his docket, as to his inability to find personal property, is not required to be dated; and if it is in proper form, though without date, it will not be presumed to have been made subsequent to the sales, because the entries relating to such sales, in the blank spaces left for that purpose, are dated after March 1st.

7. *Notice to owner, of judicial condemnation proceedings.*—Notice to the owner, of the judicial proceedings for the sale of his land, is necessary to give the court jurisdiction to render a decree of sale; and being regular in form and substance, the notice is admissible as evidence for the purchaser, in an action to recover the land.

8. *Same; return of service.*—The collector's return of service, indorsed on the notice, is not conclusive on the owner, and he may show that in fact he was not notified.

9. *Proof of levy on personal property.*—If the collector in fact levied on personal property sufficient to pay the taxes, this might be shown in defense against the rendition of a decree of sale; but the fact can not be shown in defense of an action by the purchaser, under the tax sale.

10. *Deed to purchaser.*—The deed to the purchaser at the sale is sufficient, if it shows a substantial compliance with all the statutory requirements, and is in the form prescribed; and it is not necessary that it should state the name of the owner, as whose property the land was sold.

APPEAL from Clay Circuit Court.

Tried before Hon. L. F. Box.

The plaintiff, Messer, brought an action of ejectment, under the statute, against appellant Riddle, for land purchased by said Messer at a tax sale. Under § 3047 of Code of 1876, the original records from the office of the probate judge were brought into court. The questions presented to this court appear in the opinion. The abbreviations used in describing the lands in the entries and proceedings, and referred to in division No. 5 of the opinion, were as follows: W. 2 of S. E. 4 and N. E. 4 of S. W. 4, W. 2 of N. W. 4 of Sec. 23, T. 19, R. 7 E.

BRICKELL, SEMPLE & GUNTER, W. R. WHATLEY, and C. A. STEED, for appellant.—The tax-collector failed to prepare and deliver to the probate judge the book with the affidavit required by law.—*Wartensleben v. Haithcock*, 80 Ala. 565; *Fleming v. McGee*, 81 Ala. 409. The lands are not sufficiently identified. The court can not judicially know, for

[Riddle v. Messer.]

instance, that W. 2 of S. E. 4 stands for west half of south
east quarter.—*Myer Bros. v. Mitchell*, 75 Ala. 478; *Cham-
bers v. Ringstaff*, 69 Ala. 140; Burroughs on Tax. 204–5.
The record is not admissible as a basis of title in such a
special proceeding and should have been excluded.—80 Ala.
565; 81 Ala. 409; 71 Ala. 529; 78 Ala. 486; *Ib.* 602. De-
fendant should have been allowed to show want of notice and
service of the notice on defendant to show cause.—*Cox v.
Johnson*, 80 Ala. 22. Defendant should have been allowed
to prove abundance of personal property liable for taxes.
The court should not have given the general charge for
plaintiff.—81 Ala. 410; 71 Ala. 529; 78 Ala. 486; *Ib.* 602;
80 Ala. 565.

W. M. LACKEY, *contra.*

SOMERVILLE, J.—If the proceedings, under which the
plaintiff's tax title was acquired, were regular, and in con-
formity to the statute regulating the sale of lands for pay-
ment of delinquent taxes, in force when the sale was made,
he was plainly entitled to recover in the present action, which
is one of ejectment.

The chief contention upon the trial related to the admis-
sion in evidence of the docket or book of the tax-collector,
which he is required by law to deliver into the office of the
probate judge, properly verified by his affidavit in the mode
required by section 12 of the Act of February 12, 1879,
the law in force at the time of the sale.—Acts 1878–79,
pp. 1–8.

The plaintiff introduced in evidence, against the defend-
ant's objection, a substantially bound book, which the pro-
bate judge testified was the docket or book that had been
prepared by the tax-collector and delivered by him into the
probate office by March 1st, 1881, as required by law, and
that it was the only docket or book kept by either himself or
the collector.

1. It was objected that the book, from the entries in it,
did not appear to be such a docket or book as was required
to be kept by the collector under the provisions of section 1
of the act of 1879, or such a decree docket, or such a record
book as was required to be kept by the probate judge un-
der section 7 of said act.—Acts 1878–79, pp. 1 and 6. It
was also insisted that the affidavit required to be made, and
appended at the end of the book, by section 12 of the act, had

not been made in the manner conformable to the statute, and that for this reason it should be excluded as fatally defective.—*Fleming v. McGee*, 81 Ala. 409.

The statute seems to contemplate that *two* books of record shall be prepared and kept—one by the tax-collector, and the other by the probate judge.

The following are the essential requisites of the *tax-collector's docket*, which he is required to prepare and deliver into the office of the probate judge by the first of March of each year, or, which the judge shall cause to be prepared at the collector's expense, if he fail in this duty: (1) It must be a substantially bound book prepared in the usual form of a docket; (2) it must contain a description of each parcel of land in the county, as it is assessed, upon which the taxes are unpaid; (3) the name of the owner, if known, or that it is assessed as the property of "unknown owner;" (4) The amount of unpaid taxes and charges due by the known owner, or due on the particular land, if assessed to an unknown owner; (5) these descriptions are required to be entered by "beats of the residence" of the owners, and "in alphabetical order" as to names; but if the owner is unknown, or a non-resident, then in the beat where the land is situated. Acts 1878–79, pp. 3–4; Code, 1886, § 567.

There is a further provision that this docket, besides being in a regular and legible handwriting, without erasures and interlineations, shall be prepared "with sufficient *space* to make the *entries* hereafter required [in subsequent sections of the act]."—Acts 1878–79, p. 4, sec. 2. These entries refer obviously to the notice required by section 3, and the decree of sale, the full form of which is given in section 4, and perhaps some other parts of the history of the case.

2. The *book* kept by the *probate judge* is required to contain: (1) A description of each parcel of real estate, sold or offered for sale, as it is described in his "decree docket;" (2) the amount of each kind of tax, as contained in and to be copied from the collector's list; (3) the penalties and costs for each tract or lot; (4) what part of each lot was sold; (5) the name of the purchaser; (6) the price paid; (7) the date of the sale, or, if no sale has been effected, a statement of that fact.—Acts 1878–79, p. 6, sec. 7; Code, 1886, § 577.

3. The book or docket introduced in evidence, in our opinion, contains all that each of the foregoing books are required to contain, as above enumerated. In other words,

[Riddle v. Messer.]

the probate judge and the collector have each used the same book. Is this a compliance with the law? We can see no reason why we should hold that it is not. While the more convenient and orderly course would no doubt be to have two separate books, one of which should be kept in the constant custody of the probate judge, yet the essential thing is to have a *record*, in lasting form, of all the proceedings in the case of each tax sale made under authority of the Probate Court by its process of judicial condemnation.—*Driggers v. Cassady*, 71 Ala. 529. This is accomplished by one book or record, as well as by two or more, provided it contains all the essential requirements of the statute, which should be so construed as to uphold and not to destroy, if this can be done without violating any established canon of statutory construction.—*Martin v. King*, 72 Ala. 354. We accordingly so hold.

4. It was further objected to the introduction of the collector's docket that the entries in it were not made in alphabetical order, nor the description of the defendant's property entered by the number of the beat of his residence, as required by the statute. This requirement of the tax law has reference only to the collector's docket, which is intended also to be used by the probate judge as a "decree docket." The provision is, that, where the owner resides in a given beat, or precinct, the description of his land, with his name, and the amount of unpaid taxes and charges, must be entered in the place on the book accorded to such beat, as it may be designated by its number, and the names of owners must be written in alphabetical order. How far this requirement is mandatory and jurisdictional we need not inquire.—*Clark v. Crane* (5 Mich.); s. c., 71 Amer. Dec. 776; Blackwell on Tax Titles, *143—*144; *Driggers v. Cassady*, 71 Ala. 529. It is sufficient for us to say that the entry of the defendant Riddle's land is in substantial compliance with this requirement. It is apparent from the entry that he is designated as residing in Beat No. 2, and but three names, including his, are entered, these being in alphabetical order.

5. The abbreviations used in describing the lands were allowable, the peculiar mode of designating fractions being known to us not to be of infrequent use.—Code, 1876, § 370, sub-div. 6; Code, 1886, § 583.

6. The objection to the affidavit, or oath of the tax-collector appended to the end of that part of the book prepared by him, is not well taken. This objection is that it is without

[Riddle v. Messer.]

date, on the face of it, and does not appear to be at the end of the book, or any book required to be prepared by the collector under the provisions of section 1 of the act of 1879. It is in the precise form required by the statute.—*Fleming v. McGee,* 81 Ala. 409; Code of 1886, § 567. This form does not seem to require any date to be embraced in it. We can not infer that it was fraudulently appended after the sales were made. There is no presumption that one will commit such a fraud, but, on the contrary, the law usually presumes that every officer has done his duty, unless this presumption be repelled by satisfactory evidence of some kind. Such evidence is not, in this case, furnished by the record itself, and the testimony of the probate judge does not impugn its verity. It is no mark of suspicion that the decrees of the probate judge occupy a place on the collector's docket anterior to the affidavit, although they bear date after March 1st, 1881, when the docket was placed in the hands of the probate judge, and ought then to have been verified by the collector's oath. The law required that blank space should be left in the collector's book to be filled up by just such entries.—Acts 1878–79, p. 4, § 2; Code, 1886, § 568.

7. The notice of the proceeding of condemnation of the lands which is required by the statute to be served on the owner, was shown to be regular in form and substance in all respects, and appeared to be served personally on him, the return of the tax-collector showing such service. This paper was clearly admissible in evidence to show that the Probate Court had acquired jurisdiction of the person of the owner, without which the tax sale would be void.—Acts, 1878–79, p. 4, §§ 3–4; Code, 1886, §§ 569–70. The objection taken to the introduction of this paper was properly overruled.

8. But the return of the collector that the notice had been served was not conclusive on the owner. He had a right in this proceeding to show that the return was false, and that no jurisdiction had been acquired over his person. Much injustice might often be done if tax-payers were precluded from thus protecting themselves against the sheer negligence of an officer in failing to notify them of the pendency of a proceeding by which lands of great value might be sacrificed for a trifling amount. The jurisdiction of the Probate Court in proceedings of this kind, condemning the lands of a tax-payer for the enforcement of unpaid taxes, is statutory and limited, and decrees or judgments rendered by courts of this class are exempt from the rule, applicable only to courts

of general jurisdiction, that parol evidence is inadmissible to collaterally contradict the record of such court reciting the appearance of the defendant, or notice to him of the pendency of the suit.—*Cox v. Johnson*, 80 Ala. 22; *Carlisle v. Walls*, 78 Ala. 486; *McGee v. Fleming*, 82 Ala. 276. The record in such case is not conclusive of *notice* to the owner of the land sold, which as we have said is jurisdictional, but only of such matters of defense as could have been set up on the trial in the Probate Court had the owner appeared and defended; and, we may add, is also invulnerable to collateral attack for reversible irregularities, although they might be fatal on direct appeal.—*Driggers v. Cassady*, 71 Ala. 529. The only exception to this rule is the defense that the taxes had been *paid* before the sale, and this is statutory.—*Watson v. Kent*, 78 Ala. 602.

9. The Circuit Court erred in not allowing the defendant to prove that the return of the tax-collector, reciting notice of the time and place of the proceeding of condemnation, was untrue, and that in fact, he had no such notice, either personally or otherwise as required by statute. The court, however, under the rules above declared, properly excluded the evidence offered by the defendant tending to show that the tax-collector had levied on a sufficient amount of personal property belonging to the owner to pay the taxes. This, if true, was such a defense as might have been urged at the trial against the rendition of the judgment of condemnation by the Probate Court.—*Driggers v. Cassady*, 71 Ala. 529, *supra*.

10. The tax deed was properly admitted in evidence, and it was no sufficient objection to such admission that the deed failed to recite the name of the owner of the land sold. Where the form of such deed is not prescribed by statute, as in this State under the present Code of 1886, any deed, which would be sufficient to transfer the title of the owner by private sale, would be regarded as an operative mode of conveyance, if made by the properly authorized person, provided it *shows or recites the power* under which it is made, and is accompanied by evidence of the fact that every substantial requirement of the law had been complied with in making the sale.—Blackwell on Tax Titles (3d Ed.), *368–*369; *Moss v. Shear*, 25 Cal. 48; *Lyon v. Hunt*, 11 Ala. 295; s. c. 46 Amer. Dec. 216. But independently of this general rule, at the time of the present sale the Code of 1876 was in force, and prescribed the form of the tax deed, to be executed

by the probate judge. This form was substantially, if not strictly, followed in the present case, and the instrument being duly acknowledged and recorded as required by the statute, was *prima facie* evidence of the facts recited on its face.—Code, 1876, §§ 459–460; Code, 1886, §§ 593–594.

For the error above pointed out the judgment is reversed and the cause remanded.