# Cary v. Holmes.

### Statutory Action of Ejectment.

1. *Sale of lands for unpaid taxes; affidavit of tax-collector as to want of personal property, where assessment was to "owner unknown."*—The failure of the tax-collector to append the statutory oath, as to his in-

[Cary v. Holmes.]

ability to find personal property after diligent search, to the book or docket required to be delivered to the probate judge (Code, § 567), does not invalidate a tax sale, where the real estate in question was assessed to "owner unknown."

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

This was a statutory action of ejectment, brought by Mary Cary against Henry Holmes. Upon the exclusion, as stated in the opinion, of the tax deed offered in evidence by the plaintiff, she took a non-suit, with bill of exceptions, &c., and appeals from the judgment.

GUY C. SIBLEY, for appellant.

R. T. ERVIN, contra.

HEAD, J.—The only question presented for decision in this case is whether the failure of the tax collector to append the statutory oath to the book or docket required to be delivered to the probate judge, by section 84 of the act of February 17th, 1885 (Code of 1886, § 567), invalidates a tax sale, where the real estate in question was assessed to "owner unknown." If the assessment had been made against a known person, there can be no doubt the affidavit would be jurisdictional, as we have several times decided.—*Wartensleben v. Haithcock*, 80 Ala. 565; *Fleming v. McGee*, 81 Ala. 409; *Riddle v. Messer*, 84 Ala. 236; *Feagin v. Kendall*, 94 Ala. 597.

Section 61 of the act referred to, requiring a personal demand upon delinquent tax payers wherever they may be found; section 62, authorizing levies upon their personal property and sales after ten days' notice by posting in the precinct in which the delinquent resides; and section 83, declaring the jurisdiction of the probate court to order a sale of lands for the payment of taxes assessed *against the owners thereof* when the collector shall report to the court that no personal property has been found sufficient therefor,—all have reference, in the very nature of things, to cases in which the assessment has been made against the tax payer by name. An assessment of property as belonging to an "unknown owner" is not an assessment "against the owner thereof," but is rather an assessment on or against the property. The oath required by section 84 to be made by the tax col-

[Cary v. Holmes.]

lector is to the effect that he has in each case made "diligent search for personal property of *the parties against whom the taxes are respectively assessed.*" The affidavit could have no reference to those cases, if any such were on the docket, where the assessment was not made against known parties. We are, therefore, of opinion that the absence of the statutory oath from the docket would not invalidate sales in such cases, although its omission would be fatal to sales of land for taxes assessed "against the owners thereof." This is a reasonable construction, since it can not be supposed the legislature intended to require the collector to do the vain thing of searching for the personal property of an unknown and unnamed person. It is of no consequence that section 84 of the act in question contemplates the entry in one book of the two classes of cases, and the appending of the affidavit at the end of the book. Each assessment constitutes a separate case, as distinct from others as one cause pending in a court is disconnected from others entered upon the same docket; one decree of sale might well be valid and another, indeed all others, be invalid. The sole ground of objection to the deed offered in evidence by the plaintiff was that the statutory affidavit of search for personalty was dated after the tax sale. Since the assessment was made to "owner unknown," and no affidavit at all was necessary as far as this case is concerned, it is no valid ground of objection to the deed that an affidavit was appended to the docket after the sale.

The circuit court erred in the ruling which induced the non-suit. We can consider no ground of objection to the deed except that specified by the defendant at the trial. No question was raised as to the propriety of the particular assessment having been made in the name of "owner unknown." The act of February 17th, 1885, was carried substantially into the Code of 1886, in sections 460 *et seq.*, and many sections of that act have been amended by another, approved February 28th, 1887. Acts 1886–87, p. 1. This case has been decided without reference to the amendatory act passed subsequently to the tax sale under examination.

Non-suit set aside, and judgment reversed. The cause is remanded.

COLEMAN, J., not sitting.