# Gilliland v. Armstrong.

### Ejectment.

(Decided April 13, 1916.  71 South. 700.)

1. **Property; Possession; Presumption.**—The possession of real property raises the presumption of ownership.

2. **Ejectment; Evidence; Conclusion.**—Where it appeared that defendant held possession under a default judgment in a previous action against the present plaintiff, plaintiff, by introducing a decree of the probate court authorizing a sale of the property by the tax collector, drawn in Code form, and reciting that notice of the proceeding had been duly gievn, for the purpose of showing that defendant claimed under a tax title, and in anticipation of a defense therein, was not divested of a right to show that, with respect to the recited notice, the decree was without the jurisdiction of the court.

3. **Taxation; Sale; Notice.**—Under § 2272, Code 1907, the record, although importing notice to Georgia Armstrong, did not import notice to her personal representative, she having died before the rendition of the decree directing a sale of the property for taxes.

4. **Same; Jurisdiction of the Probate Court.**—In proceedings for the sale of property for delinquent taxes, the jurisdiction of the probate court is limited and statutory, and in order to sustain its judgment, the record must show the facts essential to its jurisdiction, in the absence of other proof of the regularity of the proceedings that went before.

5. **Same; Lost Notice; Proof.**—It is competent to prove its contents where the notice of a tax sale given to the person assessed, or to his personal representative, has been lost or mislaid.

6. **Same; Deed as Evidence.**—The probate judge's deed in a tax sale is only prima facie evidence of the regularity of all proceedings subsequent to the judgment recited by them, and does not cure defects in the record of the judgment, and its necessary antecedent proceedings under § 2397, Code 1907.

APPEAL from Morgan Law and Equity Court.
Heard before Hon. THOMAS W. WERT.
Statutory ejectment by William Armstrong against J. A. Gilliland. Judgment for plaintiff and defendant appeals. Affirmed.

SAMPLE & KILPATRICK, for appellant. H. V. CASHIN, for appellee.

SAYRE, J.—(1, 2) Statutory action in the nature of ejectment. The property in suit was assessed to Georgia Armstrong for taxation in the year 1910. She was then in possession, and there is no evidence to contradict the presumption of ownership thus raised. In November, 1910, she died leaving plaintiff (appellee), her husband, but no children. Plaintiff proved these facts and offered in evidence a decree of the probate court rendered at the May term, 1911, authorizing and directing a sale of the property by the tax collector, under the caption "Geo. C. Hardwick, Tax Collector, v. Armstrong, Georgia, colored." This decree was in Code form, and contained a recital that notice of the proceeding had been given as required by law. It seems that plaintiff offered the tax proceeding, as far as he went, for the purpose of showing that defendant claimed under a tax title and in anticipation of a defense under that title. In the further course of plaintiff's examination as a witness it appeared that defendant held possession under a default judgment that had been recovered by Gilliland March 23, 1914, in a previous action brought by him against plaintiff here and his tenants. By in-

[Gilliland v. Armstrong.]

troducing this decree evidently plaintiff did not intend to conclude his own title, nor did he thereby divest himself of the right to show that, in respect of the recited notice, the decree was without the jurisdiction of the court, as in fact it was under plaintiff's uncontradicted testimony, unless its recital of notice was as matter of law conclusive against his testimony.

(3, 5) Our opinion is that in the circumstances of the present case it was not evidence of notice according to law, though doubtless it would have been had the decree been rendered in the lifetime of Georgia Armstrong, against whom it purported to be rendered.—*Driggers v. Cassady*, 71 Ala. 529. Section 2272 of the Code provides that notice of a proceeding for the sale of land for delinquent taxes "must be served by the tax collector, or his deputy, by handing a copy thereof to the party to whom it is addressed, or his agent, or by leaving a copy thereof at the residence or place of business of such party, or his agent; and, with his endorsement thereon, showing how and when served, or if not served, showing his reasons for not serving the same; it must be by the collector, or his deputy, returned into court on or before the first day of the next term thereof. If the party against whom such assessment was made has since died, and letters testamentary or of administration have been granted upon his estate, such notice must, in like manner, be served on his personal representative, if a resident of the county."

Plaintiff resided in the county, and had taken out letters of administration on the estate of his wife. The tax collector's return on the notice was not offered in evidence. It will be observed that the presumption of notice arises, not by virtue of the statute, but from the recital of the decree. Underlying the entire proceeding was the fact that the power of the probate court in proceedings for the sale of property for taxes was limited and statutory, and on familiar principle, to sustain its judgment, the record, in the absence of other proof of the regularity of the proceedings that went before, should have shown the facts essential to the exercise of its jurisdiction.—*Carlisle v. Watts*, 78 Ala. 486; *Johnson v. Harper*, 107 Ala. 706, 18 South. 198. The record had its beginning in the tax collector's book. Assuming that "Geo." in the advertisement of sale may be allowed to stand for "Georgia," the name of the owner to whom the property was assessed, though we are not at all satisfied with the propriety of the assumption, the record showed a proceeding from beginning

.to end against Georgia Armstrong. The decree must be read with reference to the rest of the record. So read, it imports notice to Georgia Armstrong. But it cannot be sustained as a decree against her, for the very good reason that she died months before the decree was rendered. When she died the liabiilty for taxes shifted along with the descent of the property to her heir or personal representative. To meet this situation the statute provides that notice must be served on the owner's personal representative, if a resident of the county, as was the case here, and so it follows a new element might have been introduced and a new meaning given to the decree by proof of the original of a notice to plaintiff as the personal representative of deceased, or if such notice had been lost or mislaid, it would have been competent to prove its contents.—*McGee v. Fleming*, 82 Ala. 276, 3 South. 1.

(6) As for the probate judge's deed, introduced by defendant, it was only "prima facie evidence of the regularity of all proceedings subsequent to the judgment recited therein."—Code, § 2297. It did not cure defects in the record of the judgment and its necessary antecedent proceedings. In the presence of the undisputed proof of Armstrong's death prior to the decree, and in the absence of record evidence showing service of notice on plaintiff as administrator of her estate or a recital of notice in that particular form, it did not appear that the court had jurisdiction to render a decree binding upon plaintiff, and he was entitled to judgment without regard to the ruling which excluded the deed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.