# CHARLESTON

## Metz v. Starcher *et al.*

Submitted June 13, 1906.   Decided November 27, 1906.

60   657
f63   413

60   657
65   244

1. Delinquent List—*Sale of Land—Tax Deed.*
      There must be a delinquent list before there can be a valid sale of land for delinquent taxes and a valid deed pursuant thereto. (p. 658.)

2. Same—*Evidence and Notice.*
      A delinquent list is the evidence of delinquency, and the notice of delinquency to the owner of the land returned delinquent. (p. 661.)

3. Same.
      A paper not purporting to be a delinquent list, and not containing the heading required by the statute for a delinquent list,

42

or other sufficient heading, and containing no means of identifying it as a delinquent list to a person of ordinary business ability and understanding, is not in law a delinquent list, and is not cured by section 25, chapter 31, of the Code. (p. 661.)

Appeal from Circuit Court, Jackson County.

Bill by Georgia Metz against F. F. Starcher and others. Decree for defendants, and plaintiff appeals.

*Reversed. Remanded.*

THOMAS P. JACOBS, and DAVE D. JOHNSON, for appellant.

WM. O. PARSONS and MOLLOHAN, MCCLINTIC & MATHEWS, for appellees.

COX, JUDGE:

On the 11th day of August, 1900, Elma Perkins and others, by Okey Johnson, their attorney in fact, in consideration of $2500, conveyed to the plaintiff, Georgia Metz, 80 1-2 acres of land in Ravenswood District in Jackson county. For the years 1901, 1902 and 1903 the taxes on this land were assessed against, and paid by, her. This land was sold for taxes claimed to be delinquent for the year 1900, assessed against Elma Perkins *et al.*, and was purchased by the defendants, Starcher *et al.* A tax deed therefor was made by the clerk to them, and recorded on the 20th day of January, 1904. At July rules, 1904, the plaintiff filed her bill in the circuit court of Jackson county to set aside the tax sale and deed, and to enjoin the defendants from interfering with her ownership of the land, alleging therein a previous tender to, and refusal by defendants of, the amount of money required as a condition precedent to setting aside the deed by section 25, chapter 31, Code 1899, and making an offer of payment of said amount into court. The circuit court, upon final hearing, dismissed the plaintiff's bill, and she appeals.

One of the grounds alleged for setting aside the tax sale and deed is that there was no sufficient delinquent list showing this land delinquent for the non-payment of the taxes for the year 1900. Section 18, chapter 30, Code of 1899, requires the sheriff to make out a list of real estate delinquent for the non-payment of taxes, and provides the form thereof, and that the heading thereof shall read: "List of real estate in the county of——— ———, delinquent for the non-payment

of taxes thereon for the year ——." Section 21 of the same chapter requires the lists to be returned to the county court for examination, and, when found correct, that the court shall direct the clerk to certify copies to the auditor, and that the original lists shall be preserved by the clerk, and that the list of real estate delinquent shall be recorded in a well bound book to be kept by him for the purpose.

The curative provision of our statute—section 25, chapter 31, Code 1899—provides in substance that when the purchaser of real estate at a tax sale shall have obtained and caused to be recorded a deed therefor, such right, title and interest, etc., shall be transferred to and vested in such purchaser, notwithstanding any irregularity in the proceedings under which the same was sold, not therein provided for, unless such irregularity appear on the face of such proceedings of record in the office of the clerk of the county court, and be such as materially to prejudice and mislead the owner of the real estate so sold, as to what portions of his real estate was so sold and when and for what year or years it was sold, or the name of the purchaser thereof, etc.; and, further, that no irregularity, error or mistake in the delinquent list, or the return thereof, or in the affidavit thereof, shall, after the deed is made, invalidate or affect the sale or deed. A delinquent list is, by said section 18, chapter 30, Code, expressly required to be made. Said section 25, chapter 31, broad as it undoubtedly is in its curative effect, implies that there shall be a delinquent list. It professes to cure irregularities, errors and mistakes in the delinquent list, which can not be unless there is a delinquent list to cure. It has not been held that a delinquent list may be entirely dispensed with and a valid tax sale take place. The delinquent list is the foundation of the proceeding to sell for delinquent taxes—the evidence of delinquency. It was so held in *Mosser* v. *Moore*, 56 W. Va. 478.

The paper which is the original delinquent list, if there be one, upon which the sale of this land was predicated, is brought here in its original form and condition, from the office of the clerk of the county court. Across the face of this paper, and over the place where the heading of a delinquent list should appear, is a strip of stiff paste-board, se-

curely fastened to the paper by means of metallic rivets, concealing the entire heading required by the statute, except that upon close inspection the words "non-payment of taxes thereon for the year 1900" may be seen. By an unusual and extraordinary effort, the paste-board may be so raised from the paper that the remainder of the heading required by the statute may be seen angularly, except that some of the letters of some of the words would still remain partially concealed. Otherwise, the paper is substantially in form a delinquent list. It is not claimed that the paste-board was so placed and fastened with any improper intent, or for any improper purpose. It is claimed by plaintiff, however, that this defect and concealment of the heading invalidates the list, and renders it a nullity. If this defect is a mere irregularity, error or mistake in the list, it is cured after deed by said section 25, chapter 31. If, on the other hand, it is such a vital defect as renders this paper in law not a delinquent list, and that defect appears from the face of the record, then it is not cured, and the whole proceeding to sell plaintiff's land for delinquent taxes fails.

What purports to be an office copy of the delinquent list for the year 1900, so far as it relates to this land, from the record in the office of the clerk of the county court of Jackson county, is found in this record. This copy appears to contain the full heading required by the statute. How the clerk came to record the full heading in connection with this paper does not appear. The paper and paste-board do not appear to have been severed, but probably the clerk arrived at the heading by the unusual and extraordinary method above indicated.

It is not necessary for us to say whether or not at all times after this original paper, which is before us, was examined and found correct as a delinquent list by the county court of Jackson county on the 18th day of July, 1901, it was itself the record in the office of such clerk. It is sufficient to say that, from the time it was so found correct until it was actually recorded in the book kept for that purpose, it was the only record in the office of the clerk. Therefore, a fatal defect in the original must be treated by us as ap pearing on the face of the record. This being true, we are

left to the inquiry whether this is a vital defect rendering this original paper void as a delinquent list, or a mere irregularity, error or mistake cured by statute.

The delinquent list is not only the evidence of delinquency, but it is the record notice of delinquency to the owner of the land. *Mosser* v. *Moore*, *supra;* see also *Barton* v. *Gilchrist*, 19 W. Va. 223; *Simpson* v. *Edmiston*, 23 *Id.* 675; *McCallister* v. *Cottrille*, 24 *Id.* 173. Judge Brannon, speaking for the Court in *Mosser* v. *Moore*, in reference to the sale list, says: "Not only must there be such a list, because required by law, but it must have requisites of. legal certainty, like assessment and delinquent lists." The statute says that the heading of the delinquent list of real estate shall read as therein provided. Without the heading, a list otherwise in proper form, would not show that the lands mentioned on the list were delinquent for the non-payment of taxes for any year, or in what county or state they were returned delinquent. Without the heading, it would not even purport to be a delinquent list. If there must be a delinquent list, then a paper which does not purport to be a delinquent list, and does not contain the heading required by the statute or other sufficient heading, and which contains no means of identifying it as a delinquent list to a person of ordinary business ability and understanding, is in law no delinquent list, and no notice to the owner of the land or other person interested, and no foundation for a tax sale. The original paper here presented without the heading is but a meaningless conglomeration of words and figures. It is true that by close inspection the words "non-payment of taxes thereon for the year 1900" appear. These words alone do not show delinquency for any year, and they do not give to the residue of the paper appearing, meaning on the question of delinquency. Should a person of ordinary business ability and understanding go further, and by unusual and extraordinary effort raise the paste-board, and by unusual skill decipher the residue of the heading? We think not. Nor do we think that the law requires the owner of the land to make such extraordinary and unusual effort in order to free himself from the charge of negligence. A delinquent list, to operate as notice and evidence of delinquency, must be such as reasonably and fairly .to evidence

the delinquency.    Errors, mistakes and irregularities are cured; but the lack of the fundamental and essential requisites necessary to constitute a delinquent list is not cured by the statute, when such lack or failure appears on the face of the record and is such as materially to prejudice and mislead in the respects named in the statute.    We can not say that a person of ordinary business ability and understanding, being handed the paper before us, would be informed as to the delinquency of his land mentioned thereon, and as to the year it was returned delinquent.    This paper is the uncontrovertible evidence of its own nullity.    It is not in law a delinquent list.    It is not in law notice of delinquency.    This appears on the face of the record.    The defect, amounting to failure of a delinquent list, is such as to prejudice and mislead the owner of the land.    *Mosser* v. *Moore, supra.*    We hold that it avoids the tax sale and deed in this case, and that the plaintiff has the right to have the sale and deed set aside, upon payment of the amount required by section 25, chapter 31 of the Code.    It is unnecessary to consider any other question raised by the record.

For the reasons stated, the decree of the circuit court of Jackson county entered in this cause on the 12th day of May, 1905, is reversed; and this cause is remanded with directions to enter, upon payment to defendants or into court of the amount of money required by section 25, chapter 31, Code, a decree setting aside and annulling the tax sale and deed complained of in the plaintiff's bill, and to be further proceeded with in accordance with the priniciples herein announced and the rules governing courts of equity.

*Reversed.    Remanded.*

POFFENBARGER, JUDGE, (*dissenting:*)

Not regarding this case as being within the principle announced in *Mosser* v. *Moore*, 56 W. Va. 478, nor as differing from the numerous cases in which tax deeds have been upheld against irregularities, I am unable to concur in the decision. The sale list in *Mosser* v. *Moore*, which presumably followed the delinquent list on which it was founded, did not describe or mention any particular land as the subject of the sale. The spaces provided in the form of the list for the quantity, location and description of the land, reported as sold, were all blank.

While the report of sales may have been sufficient as to the lands of other persons, it was tantamount to no report or list at all as to the person against whose name no land was entered. In this case, there is a complete delinquent list in which the land in question is charged or entered, by its proper description. But for the piece of paste-board attached and partially covering the heading, it would be confessedly a good list. It is not defective for omission of something that should have been stated in it. It contains every entry the law required, and is therefore a perfect delinquent list. But, as the heading is obscured, there was an irregularity in it which may have mislead the owner of the property to her prejudice, and, but for the curative provisions of section 25 of chapter 30 of the Code, this would have invalidated the deed, and might even now constitute good cause for setting aside a tax sale in a suit brought for that purpose before a deed has been made. That it is an irregularity, clearly prejudicial to the owner, however, is not cause for setting aside a deed. Having permitted the deed to be executed before bringing her suit, the owner has delayed her attack upon the sale too long. The statute above referred to says: "And no irregularity, error or mistake in the delinquent list, or the return thereof, or in the affidavit thereto, or in the list of sales filed with the clerk of the county court, or in the affidavit thereto, or in the recordation of such list or affidavit, * * * shall, after the deed is made, invalidate or affect the sale or deed." We hold that this provision inhibits the setting aside of a deed for an irregularity, error or mistake in the delinquent list, however prejudicial to the owner it may have been. *Hornage* v. *Imboden*, 57 W. Va. 206; *Hogan* v. *Piggott*, decided at this term. The most that can be said against the delinquent list here involved is, in my opinion, that it was, because of its irregularity and erroneousness, calculated to mislead the owner and presumably did so. I do not see how it can be said there was no list. It was possible by careful examination and inspection to see a complete list. The thing which rendered closeness of inspection necessary to do this was simply an obscuration, which could not, either in fact or law, render non-existent the list to which it was attached. Concealment or obscuration of a thing does not destroy or render it non-existent.