# Bethune *v.* Newberry.

### *Trespass to Crops.*

#### (Decided December 19, 1912.   60 South. 478.)

*Trespass; Action; Evidence; Judgment.*—In an action for injury to crops by trespassing animals, the recital of jurisdictional facts in the order of the court of county commissioners establishing a stock law district is prima facie evidence of the existence of such facts.

APPEAL from Russell Circuit Court.

Heard before Hon. MIKE SOLLIE.

Action by V. M. Newberry against A. J. Bethune. Judgment for plaintiff, and defendant appeals. Affirmed.

The order offered in evidence and objected to is as follows: "Minutes of County Commissioners' Court, Russell County, November Term, 1891: Whereas, the following named petitioners and freeholders [here follows list of about thirty names] have petitioned this court in writing, stating that they, with others, desire an order to be made by the court establishing as a district wherein stock shall not be allowed to run at large, under the laws regulating such proceeding, in the following part or portion of Russell county: [Here follows the description of the district.]—and it appearing that said petition clearly describes the district sought to be so established, and states that said petitioners reside

[Bethune v. Newberry.]

therein; that said petition was filed with the judge of probate of this county on the 15th day of September, 1891, more than 30 days before this term of the court, and that such judge of probate immediately caused a notice of said application, and a notice that said application would be heard and considered at this term of this court, to be posted at the courthouse door of said county, and copies thereof to be posted in three public places in the district described in said petition, and also caused a notice of said petition and notice of the day of hearing the same to be duly given and made in the Russell Register, a newspaper published in this county, and the court on this 2d day of November, 1891, being in session and ready to hear said petitioners, and any persons opposed to them, and the said A. S. Newberry and others [naming them] appear and contest the said application, and the court proceeded to hear said petition, and the said persons opposing said petition, and the evidence submitted on both sides, and having heard the whole evidence, the court deems it best for the interest of the people of the locality described, and to be affected by the establishment of said district, that the said petition should be granted in whole. And it is ordered and decreed by this court that in said district in this county, as soon as this order shall become operative under the laws in force and regulating such proceedings, no stock shall be allowed to run at large in said district described as follows: [Here follows description as above.] It is further ordered that this order shall go into effect 30 days after the 2d day of November, 1891."

GLENN & DE GRAFFENRIED, for appellant. The commissioners' court is a court of limited jurisdiction and all jurisdictional facts must not only be clearly stated, but established as well.—*Stanfield v. Dallas County*, 80

Ala. 287; *Mayfield v. Comm. Court,* 148 Ala. 548; *Flowers v. Grant,* 129 Ala. 275. It was not sufficient that the judgment recited the jurisdictional facts to show that, in fact, the court had jurisdiction, where the court is of limited jurisdiction.—*McLendon v. A. F. L. M. Co.,* 119 Ala. 518; *Pollard v. A. F. L. M. Co.,* 103 Ala. 289.

JOHN E. HENRY, for appellee. The recitals of the judgment amply show the necessary jurisdictional facts to sustain the action of the court in making the order. —*Com. Ct. v. Bowie,* 34 Ala. 461; *Pettus v. McClannahan,* 52 Ala. 55; *Wyatt v. Rambo,* 29 Ala. 510; *Hamner v. Mason,* 24 Ala. 480; *Reynolds v. Kirkland,* 44 Ala. 312.

WALKER, P. J.—The objection to the introduction in evidence of the order of the court of county commissioners for the establishment of a district in which stock were not to be permitted to run at large was based, not upon the ground that there was a failure of that order to show by its recitals the existence of the facts upon which the jurisdiction of the court in that matter was made dependent by the statute under which the proceeding was instituted (Acts of Ala. 1880-81, p. 163; *Stanfill v. Court of County Revenue,* 80 Ala. 287), but upon grounds involving the proposition that the existence of such jurisdictional facts must be shown otherwise than by the recitals contained in the court's order. In the argument of counsel in support of this contention, much reliance is placed upon the following statement found in the opinion of the court in the case of *McLendon v. American Freehold Land Mortgage Co.,* 119 Ala. 518, 24 South. 721: "The mere recitation of a jurisdictional fact in the judgment by a court of limited jurisdiction, as distinguished from courts of general ju-

[Bethune v. Newberry.]

risdiction, is not sufficient to show that the court in fact had jurisdiction." That was an action upon the official bond of a justice of the peace. The breach of the bond complained of was that the justice of the peace certified, in the form required in the case of a conveyance of a homestead, that the wife of a grantor in a mortgage to the plaintiff appeared before him and acknowledged her signature, though the fact was that she never appeared before the justice of the peace, and neither signed the mortgage nor made any acknowledgment. The expression above quoted was used by the court in overruling the contention that the certificate of the justice of the peace, being an act done in his judicial capacity, imported absolute verity, and that the facts certified to could not be assailed by parol. The ruling made was that the recital was not conclusive, and that its falsity could be shown by parol.

There is nothing in the report of the case to indicate that any question was raised as to the certificate being prima facie evidence of the existence of the facts stated in it. An expression used by the court in disposing of the question presented to it cannot be given the effect of making the decision one upon another question which was not raised or involved in the case. We are not of opinion that the ruling referred to is an authority supporting the proposition contended for by the counsel for the appellant. The rule which generally, if not universally, prevails, that the recitals of jurisdictional facts in the judgments of domestic courts may be looked to as prima facie evidence of the existence of such facts (23 Cyc. 1084), has been recognized and applied in this state as well in cases involving judgments of courts of inferior and limited jurisdiction as in cases involving judgments of courts of general jurisdiction.—*Commissioners' Court of Lowndes County v. Bowie*, 34 Ala. 461;

[Bethune v. Newberry.]

*Wyatt's Adm'r v. Rambo,* 29 Ala. 510, 68 Am. Dec. 89; *Owings v. Binford,* 80 Ala. 421. In the first mentioned of these cases it was plainly held that the recital of jurisdictional facts in a judgment of a court of limited statutory jurisdiction was sufficient to show the existence of such facts. In the last-cited case it was ruled that the recital in a judgment of a court of general jurisdiction could be looked to as evidence of one's being a party to the cause—of jurisdiction of the person having attached—though the record did not show the service of process upon him; other parts of the record not negativing the truth of such recitals. The statute under which the proceedings offered in evidence in this case were had is the same statute which was considered by the court in the case of *Stanfill v. Court of County Revenue, supra.* In the light of what was said in the opinion in that case, it is apparent that the order offered in evidence in the present case showed by its recitals the existence of the facts upon which the jurisdiction of the tribunal which made that order was by the statute made dependent, and we are not of opinion that other or further evidence of the existence of such facts was required.

The conclusion follows that the trial court was not in error in overruling the objections to the admission in evidence of that order.

Affirmed.