# *Ex Parte* Price.

## *Certiorari.*

(Decided April 22, 1915.   Rehearing denied June 3, 1915.
68 South. 866.)

1. *Infants; Removal of Disabilities; Judgment; Validity.*—Although
the chancery court is in the exercise of special jurisdiction in
relieving minors of the disabilities of non-age, and for that purpose
stands on the same footing as courts of limited and inferior jurisdic-
tion, yet judgment relieving minors of such disabilities need not set
out all the evidence which induced the court to render the judgment,
nor recite in express terms that the court was satisfied by the evi-
dence of all the facts averred, which were necessary to support the
decree; the fact that the court so found as the decree recited it
found, being sufficient.

2. *Same; Relief From.*—Since sections 4505, et seq., authorizes the court to relieve such minors only when satisfied it is to their interest, the record need not set forth such finding.

ORIGINAL petition in the Supreme Court.

Petition by Jerome Price for a writ of certiorari to review and reverse the finding and proceedings of the Marengo Law and Equity Court, decreeing that a former finding of the court relieving petitioner from the disability of nonage, was not null and void. Petition denied.

WILLIAM CUNNINGHAME, and W. A. GUNTER, for petioner.

GEORGE PEGRAM, for appellee.

MAYFIELD, J.—This is an application for common-law certiorari, filed in this court, seeking to reverse certain proceedings in the Marengo law and equity court purporting to relieve the petitioner, Jerome Price, of the disabilities of nonage. A petition for this purpose was filed in the law and equity court of Marengo county on February 4, 1914. The petition was signed by the minor and by his legal guardian, and verified by the affidavits of both. It contained the averments necessary to give the court jurisdiction in accordance with section 4505 et seq. of the Code. The application was thus made by the parties whom the statute authorizes to make it, was made to a court or judge authorized to receive it (Local Acts 1911, p. 180), and contained allegations of all the facts necessary to confer jurisdiction. The register of the law and equity court gave notice of the filing of the petition, as is directed by section 4507 of the Code. No contest was ever made of the petition.

(1) The court later assumed jurisdiction, and the matter was set for hearing, and was heard, on the 2d day of March, 1914, when the following order was entered: "In the matter of the petition of Jerome Price for the removal of disabilities of nonage of Jerome Price, a minor.

"This cause is submitted upon the application or petition for the removal of the disabilities of nonage of Jerome Price, a minor over the age of 18 years, and also upon the affidavits of Jerome Price and Mrs. Geo. Pegram, in support of the said petition; and, upon consideration, it is ordered and decreed that said Jerome Price is entitled to the relief prayed for in said petition, and he is hereby relieved of the disabilities of nonage, and is vested with the right to sue and to be sued, contract with and be contracted with, to buy, sell, and convey real estate, and generally to do and perform all the acts which he could lawfully do if he were 21 years of age. It is further ordered that a copy of this decree be filed in the probate court, as required by law. It is further ordered that the petitioner pay the costs of this proceeding, for which execution may issue.

"Done at Demopolis, Ala., this the 2d day of March, 1914.                    Edw. J. Gilder, Judge."

On January 15, 1915, the petitioner thus relieved filed another petition in the same court, asking to have the decree above set out canceled and annulled, on the ground that it was void for want of jurisdiction. The court denied this petition; and petitioner now applies to this court to revise the decree above set out and annul and quash it, because void for want of jurisdiction. We think it clear that petitioner is not entitled to this relief. While chancery courts, or courts of like jurisdiction, when relieving minors of the disabilities of nonage, quoad hoc, are exercising a limited and special jur-

isdiction, or special and statutory powers, and, for this purpose, stand on the same footing as courts of limited and inferior jurisdiction, it does not follow that the judgments and decrees of such courts shall set out all the evidence which induced the court to render the judgment or decree which it did render; nor is it necessary for such judgments or decrees to recite in terms that the court was satisfied by the evidence of all facts averred which were necessary to support the decree. The fact that the court found as the decree recites it found is certainly sufficient, without reciting such  fact in terms.

(2) While the statute only authorizes the court to remove the disabilities when satisfied that it is or will be to the interest of the minor, the law does not require that the record shall set out the evidence which induced the court, nor that it recite in terms that the court so found. This, of course, is one of the issues which the court tries and which it finds, and the decree granting or denying the relief prayed shows how this issue was found. The record in this case clearly shows that the court found that it was to the interest of the minor to remove his disabilities of infancy, although it does not recite in terms, nor set out all the evidence which lead to the conclusion.

No fraud, in fact or in law, is here alleged or shown to have been committed, upon the court or any other person, by the decree. So far as we are informed, the decree was for the benefit of the minor; and it is not here or now denied that it was to his interest, as he and his guardian alleged and swore, when they filed their joint petition praying the identical relief which was awarded by the decree.

The proceedings in the law and equity court not being void on its face, and there being no evidence of any

[Reed, et al. v. Hughes.]

fraud or forgery in procuring it, as there was in the case of *Cox v. Johnston*, 80 Ala. 22, we cannot revise or amend the decree above set out. It does not appear that this decree was rendered by the judge instead of by the court, in such manner as to make the decree void.

It therefore follows that the petition for certiorari is denied.

Petition denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.