(82 South. 570)

HELM v. GRIFFITH.   (6 Div. 362.)

(Court of Appeals of Alabama.   June 10, 1919. Rehearing Denied June 30, 1919.)

1. JUDGMENT ⊜⇒474—COURTS OF CHANCERY—SUITS TO SELL LAND FOR NONPAYMENT OF TAXES.

In suits by a city to sell land for the nonpayment of taxes, the chancery court is exercising limited and special jurisdiction, and its decrees stand on the same footing as those of courts of limited and inferior jurisdiction.

2. MUNICIPAL CORPORATIONS ⊜⇒978(10)—SUITS TO SELL LAND FOR NONPAYMENT OF TAXES—DECREES.

A decree of a chancery court in a suit by a city to sell land for nonpayment of taxes need not set out all the evidence which induced the court to render the same, nor recite in terms that the court was satisfied by the evidence of all facts averred which were necessary to support it.

3. JUDGMENT ⊜⇒470 — COLLATERAL ATTACK—PRESUMPTION.

In a collateral proceeding, a court is required to hold that a chancery court was justified by the evidence before it, in a proceeding to sell land for nonpayment of taxes, in reaching the conclusion that the land in question was liable for taxes on a certain date, in the absence of proof to the contrary.

4. JUDGMENT ⊜⇒497(1)—COLLATERAL ATTACK—RECITALS.

In a collateral proceeding, all recitals of fact relating to matters of jurisdiction in a decree of chancery court, in a proceeding to sell land for nonpayment of taxes, must be taken as true, in the absence of evidence to the contrary.

5. COVENANTS ⊜⇒127(4) — PURCHASING OUTSTANDING TITLE.

A grantee in a deed containing a covenant warranting the title free from all incumbrances may purchase an outstanding title or incumbrance, and is entitled to recover from the grantor the reasonable price he has fairly and of necessity paid for same.

6. COVENANTS ⊜⇒108(1)—DEFENSES.

It was no defense, in an action by a grantee to recover damages for the breach of a covenant warranting the title free from all incumbrances, that, subsequent to the delivery of the deed, the land was mortgaged to the grantor; the mortgage containing a covenant against incumbrances, and mortgage debt having been paid, in view of Code 1907, § 4899.

7. MORTGAGES ⊜⇒298(4)—TITLE TO PROPERTY—EFFECT OF PAYMENT.

A mortgage of real estate is a conveyance with a condition subsequent, and the payment of mortgage debt, either before or after the law day of the mortgage, reinvests the mortgagor with the title to the property; the rights of the parties thereafter being determined as though there had been no mortgage.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by Dee Griffith against J. B. Helm. Judgment for plaintiff, and defendant appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant.

Harsh, Harsh & Harsh and W. J. Slaughter, all of Birmingham, for appellee.

BRICKEN, J.   This suit was instituted by the appellee, Dee Griffith, to recover damages for the breach of a covenant warranting the title of a certain lot "free from all incumbrances." Judgment was rendered for the plaintiff, and from this judgment the defendant appeals.

Though there are 23 assignments of error in this record, the question of paramount importance is whether plaintiff showed by his evidence that at the time of the delivery of the deed the title of the property conveyed was subject to an outstanding incumbrance, that is, a lien for unpaid taxes for the year 1909.

On May 30, 1910, the defendant executed and delivered to plaintiff a deed, containing the usual covenants of warranty, conveying a lot in the town of Woodlawn. In this deed the lot was described as follows:

"Fronting 95 feet on St. Clair street, 101 feet on Washington avenue, 65 feet on west side, and 101 feet on north side, as shown in G. B. Stephens map, surveyed by P. S. Miller, C. E., Dec. 1, 1894, situated in the town of Woodlawn, situated in Jefferson county, Ala."

The town of Woodlawn, on January 1, 1910, became merged in the city of Birming-

ham. Under the terms of the act of merger, as well as under the provisions of article 7, c. 32, of the Political Code, the city of Birmingham became vested with the right of enforcing in its own name all liens for taxes and special assessments which except for the merger might have been enforced by the town of Woodlawn.

On June 27, 1910, a suit was instituted in the chancery court of Jefferson county by the city of Birmingham against "Unknown Owner," the object of which was to sell for the nonpayment of taxes for the year 1909 a lot described as follows:

"Lot on corner of St. Clair street and Washington avenue, fronting 95 feet on St. Clair street and 101 feet on Washington avenue, being 65 feet on the west side and 100 feet on the north side in G. B. Stephens survey."

These proceedings consisted: First, of an affidavit by the tax collector and treasurer of the city of Birmingham stating that the owner of the lot was unknown and reciting that "same being taxes for the year 1909 in the city of Birmingham, Ala."; second, of an order of publication by the register in chancery stating that the city of Birmingham had filed in court a list of unpaid street improvement assessments, and that in said list was a' lot above described, and also reciting that "same being taxes for the year 1909 in the city of Birmingham, Ala.; * * *" fourth, of a decree of sale on publication. This decree, after stating that it was shown that the city clerk of the city of Birmingham had made out, certified, and filed with the register in chancery a list describing separately each piece of property situated in the city of Birmingham upon which taxes were due and delinquent, that the register, in accordance with section 1320 of the Code of 1907, had docketed a cause for each assessment appearing on said list, and that an order of publication had been duly made in this cause notifying the owner of the filing of this proceeding against his property, adjudged that the foregoing described lot was liable for taxes in the sum of $2, with interest thereon from the 1st day of January, 1910, and directed the register to proceed to sell the same for taxes, interest, penalties, and costs that had accrued against such property. At the sale made in compliance with this decree this lot was purchased by the Birmingham Loan & Discount Company, from which company the plaintiff received a quitclaim deed upon the payment of $100.

[1, 2] In cases of this sort it is true that the chancery court is exercising a limited and special jurisdiction, and its decrees in such cases stand on the same footing as those of courts of limited and inferior jurisdiction. It does not follow, however, that the decrees of such courts "shall set out all the evidence which induced the court to render the judgment or decree which it did render; nor is it necessary for such judgments or decrees to recite in terms that the court was satisfied by the evidence of all facts averred which were necessary to support the decree." Ex parte Price, 192 Ala. 158, 68 South. 866.

In the decree we have under consideration, it is recited therein that the lot involved in this suit was "liable for such taxes in the sum of $2, with interest thereon to the date of the payment thereof the 1st day of January, 1910." This was the main issue in the case, and this was the issue that the jurisdiction of the court was invoked to determine.

[3, 4] In the absence of proof to the contrary, we are required to hold that the court was justified, by the evidence before it, in reaching this conclusion. All the other recitals of fact in this decree relating to matters of jurisdiction will be taken as true in the absence of evidence to the contrary. Under the facts of this case, the circuit court committed no error in admitting the records of the chancery court of Jefferson county in evidence. Uncontradicted as they were, these records, and especially the decree of the chancery court, showed that at the time of the delivery of the deed by the defendant to the plaintiff there was an outstanding incumbrance upon the property conveyed. Singo v. McGhee, 160 Ala. 245, 49 South. 290; 23 Cyc. 1058; Bethune v. Newberry, 6 Ala. App. 573, 60 South. 478; Code 1907, § 1326.

[5] The only other question that we are concerned with is whether the court in its general charge misstated the rule as to the measure of damages. The grantee in the deed may purchase an outstanding title or incumbrance, and is entitled to recover the reasonable price which he has fairly and of necessity paid for the same. We do not understand that the court charged the jury contrary to this rule. As we understand it, the court instructed the jury that the plaintiff was entitled to recover the amount which was absolutely necessary for him to pay in order to relieve his property from the lien or incumbrance which was upon it at the time of making the deed. This was a correct statement of the measure of damages in cases of this sort. Bibb v. Freeman, 59 Ala. 612; Clark v. Zeigler, 79 Ala. 346.

[6, 7] The only other question with which we are concerned is whether the court erred in excluding from the jury the mortgage offered in evidence by the defendant. This mortgage was executed by the plaintiff to the defendant on June 13, 1910, to secure the payment of his note for $275, and contained a covenant against incumbrances; the property conveyed by this mortgage was the same lot here involved. Upon this mortgage was the indorsement: "This mortgage is satisfied by payment in full this August 18,

1913." A mortgage of real estate is a conveyance with a condition subsequent, and the payment of the mortgage debt either before or after the law day of the mortgage reinvests the mortgagor with the title to the property. The rights of the parties are thereafter determined as though there had been no mortgage. Code 1907, § 4899; Abbett v. Page, 92 Ala. 571, 9 South. 332. For this reason the covenant against incumbrances embraced in the mortgage is no defense to plaintiff's action. The court committed no error in excluding this mortgage.

There appearing no error of a reversible nature, the judgment of the circuit court is affirmed.

Affirmed.