(95 South. 551)

### Ex parte GRIFFITH. (6 Div. 87.)

(Supreme Court of Alabama. June 26, 1920. Rehearing Granted Feb. 19, 1921.)

**1. Courts ⬤₩33—Record must show on face every fact necessary to give special jurisdiction.**

The judgment of a court of special or limited or inferior jurisdiction must show on the face of the record of the proceeding every fact necessary to the exercise of its jurisdiction.

**2. Judgment ⬤₩497(1)—Recitals of facts giving special jurisdiction are prima facie evidence in collateral proceedings.**

The recitals in the decree of a court of record of special or inferior jurisdiction of the requisite jurisdictional facts are sufficient to show jurisdiction at least prima facie when offered as evidence in a collateral proceeding.

**3. Judgment ⬤₩497(1)—Recitals as to special jurisdiction are conclusive only if fact was necessarily involved in determination.**

Where the facts recited by the decree of a court of special jurisdiction are necessary to the court's jurisdiction of the thing or of the person without which the court cannot proceed to a hearing, the recital in the decree is only prima facie evidence of the fact thus recited; but where jurisdiction has fully attached by the mere filing of a proper petition, as in proceedings in rem, or where the nature of the proceeding requires the court to ascertain a preliminary fact essential to its valid action, the recital of a finding of the necessary fact, if uncontradicted by the primary record in the proceeding, is conclusive on collateral attack.

**4. Taxation ⬤₩648—Recitals of jurisdictional facts in decree of sale for taxes are prima facie evidence.**

The recitals in a decree of chancery for the sale of lands for delinquent taxes, in which proceeding the court exercises special jurisdiction, are prima facie evidence on collateral attack of the jurisdictional facts.

**5. Judgment ⬤₩497(1)—Recitals of facts cannot give special jurisdiction.**

Mere recitals in decrees of courts of limited powers cannot give jurisdiction, though they may be prima facie evidence of the existence of jurisdictional facts.

**6. Municipal corporations ⬤₩980(3)—Recital as to whether assessment was by town or city held unnecessary after merger.**

In a decree for sale of lots for delinquent taxes, where the town in which the lots were situated had been merged in a city, which by the act of merger as well as under Code 1907, §§ 1143, 1147, acquired all property and rights and interests, and rights of action of the town, and under sections 1152–1162 was vested with the right of enforcing all liens for taxes and assessments which the town might have enforced except for the merger, it was not necessary for the decree to recite whether the assessment for the taxes was made by the town or by the city.

**7. Municipal corporations ⬤₩980(3)—Certified list of delinquent taxes need not recite valid assessment.**

Under Code 1907, § 1319, requiring a city clerk to file a certified list of the property on which taxes were delinquent to give a chancery court jurisdiction to sell the lands for such taxes, it was not necessary that the certificate should recite there had been an assessment of the property, which is implied by the recital of delinquency, and, if there was no valid assessment, that was a matter of defense under section 1322 authorizing a final decree of sale if no defense is made, and providing that even in case of defense the certificate is prima facie evidence of the facts contained therein.

**8. Municipal corporations ⬤₩980(4) — Notice of sale for improvement assessments does not sustain decree for sale for ordinary taxes.**

The publication of a notice to the unknown owner of a proceeding by the city to have property sold for the payment of a street improvement assessment does not sustain a decree ordering the sale for the payment of ordinary taxes on the property.

Thomas and McClellan, JJ., dissenting in part.

Certiorari to Court of Appeals.

Petition of Dee Griffith for certiorari to Court of Appeals to review and revise the judgment and decision of said court in the case of Helm v. Griffith, 95 South. 548. Writ denied.

See, also, ante, p. 1, 95 South. 546.

Harsh, Harsh & Harsh, of Birmingham, for petitioner.

The law does not require that the record shall set out the evidence which induced the court, nor that it recite in terms that the court so found. 192 Ala. 161, 68 South. 866; 34 Ala. 461; 80 Ala. 421; 6 Ala. App. 573, 60 South. 478; 182 Ala. 378, 62 South. 706; 173 Ala. 332, 56 South. 123; 26 Ala. 639; 27 Ala. 663, 62 Am. Dec. 785. The fact that a certain amount of tax appears to have been charged against certain described property on the books of the city is evidence that the tax has been assessed against the property. 196 Ala. 664, 72 South. 263.

J. B. Helm, of Birmingham, pro se.

The recital in the decree that city clerk had filed a delinquent tax list is not prima facie evidence of that fact. 85 Eng. Rep. 88; 19 Johns (N. Y.) 33; 128 Ala. 649, 30 South. 630; 125 Ala. 149, 28 South. 452, 82 Am. St. Rep. 230; 73 W. Va. 156, 80 S. E. 131, 51 L. R. A. (N. S.) 353; 119 Ala. 518, 24 South. 721; 103 Ala. 289, 16 South. 801; 173 Ala. 106, 55 South. 632.

SOMERVILLE, J. On the original hearing of this case by the Court of Appeals (Helm v. Griffith, 17 Ala. App. 122, 82 South. 570), it was held that the decree of the chancery court ordering a sale of the lot in ques-

---

⬤₩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion for delinquent taxes assessed against it for 1909 by the city of Birmingham was a valid decree, and showed the existence of a valid lien which was an outstanding incumbrance upon the lot at the time of its purchase by the plaintiff from the defendant. It resulted that the register's sale made pursuant to that decree was in all respects valid, and the amount recoverable by plaintiff for the breach of defendant's covenant against incumbrances was measured by the minimum amount which plaintiff was required to pay the holder of the tax title in order to procure its release, not exceeding the amount of his own purchase money with interest. Clark v. Zeigler, 79 Ala. 346, 351.

On appeal by certiorari to this court, we mistakenly treated the affidavit of the city treasurer and tax collector for publication against an owner unknown, as the certified delinquent list required to be filed by the city clerk, and, on that erroneous assumption, we held that the record showed an absence of jurisdiction in the chancery court to make a valid sale. Our present examination of the record informs us that the certified delinquent tax list referred to in the decree was not introduced in evidence, and there was nothing to show that such a list was not filed with the register, in all respects as required by the statute (Code, § 1319), and before the court in the tax proceeding, as recited by the chancery decree, unless it be the order of publication, hereafter referred to.

The recitals of the chancery decree, which are set out in the first report of the case (17 Ala. App. 122, 82 South. 570), show the existence of every jurisdictional requirement as specified by sections 1319, 1320, of the Code; and the question now presented is whether the Court of Appeals properly treated those recitals as sufficient evidence, prima facie, of the jurisdictional facts recited; the fact of the filing of a certified tax delinquent list not appearing in this record other than by virtue of the recital thereof in the decree.

[1] Let it be understood at the outset that we have clearly in mind the settled rule of law which demands that the judgment of a court of special, or limited, or inferior, jurisdiction must show upon the face of the record of the proceeding every fact necessary to the exercise of its jurisdiction in the premises. Many cases affirming and applying that rule are cited in the dissenting opinion of Mr. Justice THOMAS, and we shall not discuss them here. That is a rule of substantive law, however, and is wholly apart from the question in hand—a question of evidence pure and simple.

[2] We have investigated the decisions of this court with the most painstaking care, and we do not find a single instance in which it has ever been denied that the recitals of jurisdictional facts in the decree of a court of record of special or inferior jurisdiction are sufficient to show jurisdiction, at least prima facie, when offered as evidence in a collateral proceeding. The only question in such cases—as to which there is perhaps some confusion—has been whether such recitals are of conclusive, or of only prima facie, effect.

[3] On this subject the following statement under the title "Jurisdiction," in 17 Am. & Eng. Ency. Law (2d Ed.) pp. 1084, 1085, is well supported by the numerous authorities cited, and offers a sufficiently accurate rule for differentiation:

"(a) Where the jurisdiction depends on some collateral fact which can be decided without going into the case on its merits, then the jurisdiction may be questioned collaterally and disproved, even though the jurisdictional fact be averred of record, and was actually found on evidence by the court rendering the judgment. (b) But on the other hand, where the question of jurisdiction is involved in the question which is the gist of the suit, so that it cannot be decided without going into the merits of the case, then the judgment is collaterally conclusive, because the question of jurisdiction cannot be retried without partly, at least, retrying the case on its merits, which is not permissible in a collateral proceeding unless other parts of the record show affirmatively that the finding cannot be true."

As illustrative of the first branch of the rule, the following cases are in point: Com. Court v. Bowie, 34 Ala. 461; Driggers v. Cassady, 71 Ala. 529; McGee v. Fleming, 82 Ala. 276, 3 South. 1; Riddle v. Messer, 84 Ala. 236, 242, 4 South. 185; Cox v. Johnson, 80 Ala. 22, 24; Gilliland v. Armstrong, 196 Ala. 513, 515, 71 South. 700; Mayfield v. Com. Ct., 148 Ala. 548, 553, 41 South. 932.

As illustrative of the second branch of the rule, the following cases are in point: Hamner v. Mason, 24 Ala. 480, 483; Gunn v. Howell, 27 Ala. 663, 676, 62 Am. Dec. 785; Wyatt's Adm'r v. Rambo, 29 Ala. 510, 68 Am. Dec. 89; Wilson v. Wilson, 36 Ala. 655, 663; Pettus v. McClannahan, 52 Ala. 55; Bland v. Bowie, 53 Ala. 152; Massey v. Smith, 73 Ala. 174; Goodwin v. Sims, 86 Ala. 102, 5 South. 587, 11 Am. St. Rep. 21; Bishop's Heirs v. Hampton, 15 Ala. 761, 769.

In several other cases there seems to have been either express or implied recognition of the evidential value of recitals of jurisdictional facts: Commissioners, etc., v. Thompson, 15 Ala. 134, 140; Molett v. Keenan, 22 Ala. 484, 488; Com. Court v. Bowie, 34 Ala. 463; State v. Ely, Judge, 43 Ala. 568, 575.

The general line of distinction seems to be that, where the fact recited by the decree is necessary to the court's jurisdiction of the thing or of the person—usually a matter of record, dehors the decree itself—without which the court cannot proceed to a hearing, the recital in the decree is only prima facie evidence of fact thus recited, and its verity

may be impeached by evidence dehors the record; but, where jurisdiction has fully attached by the mere filing of a proper petition, as in proceedings in rem, or where the nature of the proceeding requires the court to ascertain a preliminary fact essential to its valid action, the recital of a finding of the necessary fact, if uncontradicted by a primary record in the proceeding, is conclusive on collateral attack.

The theory of the dissenting opinion seems to be that the rule which demands that jurisdiction shall affirmatively appear from the record requires that the decree, whatever its recitals, must be affirmatively supported, when offered in evidence, by introducing in evidence also the primary documents upon which its recitals are founded. This theory is clearly opposed to the numerous decisions above cited. The decree is itself a part of the record, and its recitals are at least prima facie evidence of the primary facts recited. 17 Cyc. 578, and cases cited.

Apart from the authorities, which clearly support this view, it is difficult in reason to discover any valid ojection to the rule, which is one of evidence only, and which in effect merely affirms that the solemn and deliberate findings and recitals of a court of record are to be taken as true, unless impeached by a showing that they are false.

[4] It is also conceived that a decree of sale for taxes is in this respect different from all other decrees. But in Driggers v. Cassady, 71 Ala. 529, it was expressly declared that the general principles which support the validity of decrees of inferior courts on collateral attack are applicable also to tax decrees; and it was specifically held that a recital of statutory notice in the decree was sufficient, without more, on collateral attack, to show jurisdiction of the person. This case is disposed of in the dissenting opinion as limiting this use of recitals to showing jurisdiction of the person only, and with the observation that it was there required that jurisdiction of the subject-matter should be shown by the primary documents of record, dehors the decree. This assumption is entirely erroneous. It merely happened that the proof was thus made, and there is nothing in the opinion to suggest that a decretal recital of jurisdiction of the subject-matter would be less efficient than a similar recital of jurisdiction of the person. The one jurisdiction was as essential as the other, and the requirement is equally that each must be shown by the record.

The case of Gilliland v. Armstrong, 196 Ala. 513, 71 South. 700, quoted from in the dissenting opinion, so far from supporting it, is clearly an authority against it. Speaking there of the effect of a recital of notice in a tax sale decree, Justice Sayre said:

"Our opinion is that in the circumstances of the present case it was not evidence of notice according to law, though doubtless it would have been had the decree been rendered in the lifetime of Georgia Armstrong, against whom it purported to be rendered."

In Lodge v. Wilkerson, 174 Ala. 133, 56 South. 994, it was expressly noted that the decree of sale contained no recital of the necessary jurisdictional fact of the collector's preliminary report.

[5] It has several times declared by this court that mere recitals in decrees of courts of limited powers cannot give jurisdiction. Doe v. Riley, 28 Ala. 164, 181, 65 Am. Dec. 334; Pollard v. Mortgage Co., 103 Ala. 289, 295, 16 South. 801; McLendon v. A. F. L. M. Co., 119 Ala. 518, 520, 24 South. 721.

That proposition is of course self-evident, but it in no sense denies the prima facie effect of uncontradicted recitals as evidence of the validity of the judgment or decree. An examination of the first two of the cases just above cited will show that the court was dealing with recitals as affirmatively supported or contradicted by the other parts of the record, and not as independent evidence. In the last-cited case the question was simply whether a magistrate's certificate of acknowledgment could be impeached collaterally by showing that the grantor in the deed was not in fact before the officer. Of course, such a certificate in due form is a quasi judgment, and its recitals are always accepted as prima facie true. Martin v. Evans, 163 Ala. 657, 50 South. 997; Grider v. Am., etc., Mort. Co., 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58.

But it is further insisted that this tax proceeding is void ab initio because it does not appear that the tax was ever assessed against the lot in question by the town of Woodlawn —this upon the theory that Woodlawn was a separate municipality until its merger into the city of Birmingham on January 1, 1910, and the assessment could have been made only by Woodlawn for a tax accruing for 1909.

[6] It is true that there is no specific recital in the record of the tax proceeding that the tax was assessed by Woodlawn, nor, for the matter of that, by the city of Birmingham. But, under section 1143 of the Code of 1907, all property rights and interests of every kind belonging to Woodlawn were by the merger vested in Birmingham; and, under section 1147, all rights of action existing in favor of Woodlawn were made rights of action existing in favor of Birmingham, and "it may bring suit the same as if such right of action originally existed in favor of" Birmingham.

Under these provisions, we think it is clear that the previous relation of Woodlawn, as a separate municipality, to this property, and its assessment for taxation, may and must be disregarded, since on and after January 1, 1910, Birmingham was substituted for Woodlawn, and was Woodlawn to all intents and

purposes, so far as this proceeding was concerned. ·

[7] In order to give jurisdiction of this proceeding to the circuit court of Jefferson county, sitting in equity, it was only necessary for the city clerk of Birmingham to file with the register a certified list of the city property upon which taxes were delinquent, within three months after January 1, 1910, "with the name of the owner, if known, and the amount of taxes due on such property," as provided by section 1319 of the Code. It was not required that this certificate should make any specific reference to assessments; and though a valid assessment was essential to the validity of the tax, the statute obviously treated a certificate of delinquency as a prima facie showing of a previous valid assessment. It was the fact of the statutory certificate that gave to the court jurisdiction of the subject-matter, and not the truth of its recitals. Pollard v. A. F. L. M. Co., 103 Ala. 289, 296, 16 South. 801; Craft v. Simon, 118 Ala. 625, 24 South. 380. If there was in fact no valid assessment, this was a matter of defense. If no defense was made within the time prescribed, a final decree of sale was authorized "without further proof" (section 1322); and, even in case of defense made, "the certificate * * * filed" was "prima facie evidence of the facts contained therein" (section 1322). If the court was required to accept as prima facie true the facts recited in the certificate, viz. that the taxes were due and delinquent, it was bound to presume the necessary prerequisite of a valid assessment, necessarily included in the assertion of delinquency.

[8] Upon the foregoing considerations we would be impelled to the conclusion that the rulings of the Court of Appeals on the original hearing (17 Ala. App. 182, 82 South. 570) were correct, but for the fact, which is shown by the records of the original tax proceeding in the chancery court, that the publication of notice to the unknown owner was of a proceeding by the city to have the property in question sold for the payment of a street improvement assessment thereon, and not, as the decree and other records recite, for the payment of the ordinary taxes due for the year 1909.

It therefore affirmatively appears, contrary to the recitals of the decree, that notice of the real proceeding was not given, and the decree of sale was invalid and incapable of passing title to the purchaser.

So, also, the prima facie effect of the register's order and its recitals is to show that the delinquent list filed by the city, and the essential basis for the chancery proceeding, was for an assessment and delinquency other than that decreed upon, and as to which the court was without jurisdiction.

It may be that upon another trial in the court below the conflict between the recitals of the chancery decree and the records pertinent thereto may be removed. In any event, the trial court will proceed upon the principles above set forth.

It results that our original judgment granting the writ on the present petition will be set aside, the application for rehearing will be granted, and the writ of certiorari will be now denied.

ANDERSON, C. J., and SAYRE, GARDNER, and BROWN, JJ., concur.

McCLELLAN and THOMAS, JJ., concur in the conclusion only, and they dissent from the view that the recitals of the decree, though not contradicted by the primary records, are prima facie evidence of jurisdictional facts.

THOMAS, J. (dissenting). In addition to the reasons given in opinion in Ex parte J. B. Helm, 95 South. 546,[1] filed December 18, 1919, I wish further to say that the authorities cited by Mr. Justice SOMERVILLE, to the effect that the recitals of the chancery decree were sufficient to show the existence of jurisdiction in the premises, had not for consideration decrees for sale of property for taxes. The case of Wyatt's Adm'r v. Rambo, 29 Ala. 510, 68 Am. Dec. 89, was an order for the sale of slaves under the decree of the orphans' court; Cox v. Johnson, 80 Ala. 22, dealt with the recitals of a decree of the chancery court relieving minors of the disability of nonage; and in Bethune v. Newberry, 6 Ala. App. 573, 60 South. 478, the decree was of the court of county commissioners for the establishment of a stock law district; Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785, was as to recital in judgment of a "return of no property," etc.

In the sale of lands for municipal taxes, the chancery court exercises a special, limited, and statutory power. Lodge v. Wilkerson, 174 Ala. 133, 56 South. 994. To support a decree for the sale of lands of an unknown owner, nothing is presumed; but the records must show all the facts necessary to jurisdiction or the decree of sale is a nullity. Burroughs on Taxation, § 111, pp. 285, 286. Since the decision in Elliot v. Doe ex dem. Eddins, 24 Ala. 508, to the later cases of Lodge v. Wilkerson, supra, Pollak v. Milam, 190 Ala. 569, 67 South. 381, and Gunter v. Townsend, 202 Ala. 160, 79 South. 644, it has been observed that the omission to comply with all the requisitions of the statute is fatal to a purchaser's title, although the tax deed may contain a recital of all statutory requirements. This general rule has only been relaxed by the recent statute (section 2297), in that a tax deed for the sale of lands for payment of state and county taxes is made prima facie evidence of the regularity of all proceedings subsequent to the judg-

---

[1] Ante, p. 1.

ment recited therein, in any controversy, proceeding, or suit involving or concerning the rights of the purchaser, his heirs or assigns, to the real estate assigned. Such a statute has not been enacted declaring such effect to the recitals contained in tax deeds where lands are sold for the satisfaction of municipal taxes. Such a sale was that in the instant case.

In McLendon v. Amer. Freehold Land Mortg. Co., 119 Ala. 518, 520, 24 South. 721, 722, the rule declared by Mr. Burroughs was announced by our court that—

"The mere recitation of a jurisdictional fact in the judgment by a court of limited jurisdiction, as distinguished from courts of general jurisdiction, is not sufficient to show that the court in fact had jurisdiction."

In Pollard v. Mortgage Co., 103 Ala. 289, 295, 16 South. 801, 803, Mr. Chief Justice Brickell said that from the petition for removing the disabilities of coverture of Mrs. Pollard, it must have appeared that she had a separate estate, and if the petition did not allege such a fact, the proceeding would have been coram non judice; that "jurisdiction was dependent wholly and exclusively upon the allegations of the petition; and if it was wanting in material allegations, the jurisdiction could not be created by proof, or by affirmation or recitals in the decree. The petition calling into exercise the power or jurisdiction of the city court, while perhaps, the decree would have been more formal, if it had affirmed the fact that Mrs. Pollard had a statutory or other separate estate, the omission of the affirmation, does not affect the regularity or validity of the decree. Wilson v. The Judge, 18 Ala. 757." It will be observed of this case that the petition was in every respect sufficient under the statute calling into existence the power or jurisdiction conferred by statute in the removal of disabilities of coverture; the holding was that the decree rendered thereon removing the disabilities of coverture was valid, "although such decree did not affirm that the petitioner had the statutory or separate estate." This is a decision of the converse of the question here presented and to my mind is persuasive that the former opinion in this cause by the writer announced the correct conclusion.

The case of Driggers v. Cassady, 71 Ala. 529, was a statutory real action in the nature of ejectment, and the title given was a tax deed. Mr. Justice Somerville, writing for the court, announced that the probate court being of limited jurisdiction in the matter of sale of lands, for the payment of delinquent taxes under the provisions of the statute to sustain such a sale, it must affirmatively appear of record that the court had jurisdiction both of the subject-matter and of the person; that such judgment entry, subjecting lands of a nonresident to sale for payment of delinquent taxes following the form prescribed by statute, reciting that "notice has been given as required by law, is sufficient under the act," although under its express provisions the landowner was entitled to notice by publication, etc.; that such proceedings are not exempted from the influence of the principle forbidding the collateral assailment of judgments for mere irregularities, or on any ground which could have been pleaded in defense. The justice further declared that of the special statutory powers conferred in the particular matter, the facts necessary to confer jurisdiction on the probate court, in any proceeding to enforce the collection of delinquent taxes, must appear affirmatively in the record; that "the docket of the tax collector, containing the delinquent list which is required by the act to be delivered into the office of the probate judge by March first of each year, is shown to contain all the essential entries and recitals necessary to confer jurisdiction of the subject-matter, and was delivered to the proper officer within the requisite time. The contention is only as to jurisdiction over the person of the owner. The judgment recites that 'notice has been given as required by law,' and it is insisted that this is the averment of a legal conclusion and not of a fact, and that the fact of notice by publication in a newspaper should have been particularly stated." * It will be noted that jurisdiction of the subject-matter was required to be shown by the record—the delivery to the proper officer, within the requisite time, of the docket of the tax collector containing the delinquent list. The court having jurisdiction of the subject-matter, the question of notice was referred to the recital of the judgment that "notice has been given as required by law." I apprehend that such would not have been the decision had not the record otherwise shown that jurisdiction of the subject-matter was acquired as prescribed by statute.

In Gilliland v. Armstrong, 196 Ala. 513, 71 South. 700, construing section 2272 of the Code, providing that notice of proceedings for the sale of lands for delinquent taxes must be served by the tax collector, or his deputy, by handing a copy thereof to the party to whom it is addressed, or his agent, or by leaving a copy thereof at the residence or place of business of such party, or his agent, and, with his endorsement thereon, showing how and when served, or, if not served, showing his reasons for not serving the same, it must be by the collector, or his deputy, returned into court on or before the first day of the next term thereof, and, if the party against whom such assessment was made has since died, such notice must be served on his personal representative, if a resident of the county, it was declared that the recitals in a decree of the probate court authorizing the sale of the

property by the tax collector, under the caption "Geo. C. Hardwick, Tax Collector, v. Armstrong, Georgia, Colored," were not evidence according to law against the husband of the said Georgia Armstrong, who had died after the assessment, leaving a husband, but no children. Mr. Justice Sayre said:

"It will be observed that the presumption of notice arises, not by virtue of the statute, but from the recital of the decree. Underlying the entire proceeding was the fact that the power of the probate court in proceedings for the sale of property for taxes was limited and statutory, and on familiar principle, to sustain its judgment, the record, in the absence of other proof of the regularity of the proceedings that went before, should have shown the facts essential to the exercise of its jurisdiction. Carlisle v. Watts, 78 Ala. 486; Johnson v. Harper, 107 Ala. 706, 18 South. 198. *The record had its beginning in the tax collector's book.* Assuming that 'Geo.' in the advertisement of sale may be allowed to stand for 'Georgia,' the name of the owner to whom the property was assessed, though we are not at all satisfied with the propriety of the assumption, the record showed a proceeding from beginning to end against Georgia Armstrong. The decree must be read with reference to the rest of the record. So read, it imports notice to Georgia Armstrong. But it cannot be sustained as a decree against her, for the very good reason that she died months before the decree was rendered. * * * As for the probate judge's deed, introduced by defendant, it was only 'prima facie evidence of the regularity of all proceedings subsequent to the judgment recited therein.' Code, § 2297. It did not cure defects in the record of the judgment *and its necessary antecedent proceedings.*" (Italics supplied.)

In Carlisle v. Watts, 78 Ala. 486, reference is made to the proverbial insecurity of tax titles, that in the exercise of the statute, the powers conferred on the probate court for the sale of lands for delinquent taxes are special and limited; and to sustain a judgment of the court, the record must affirmatively show the facts essential to the jurisdiction of both the subject-matter and the person. The question, whether the decree of sale "is conclusive of a valid assessment as to the person against whom the taxes are assessed, or whether the description and statements, as entered in the book delivered to the judge of probate, are sufficient to give the court jurisdiction of the subject-matter, are questions it is not necessary to consider or decide."

In Wartensleben v. Haithcock, 80 Ala. 565, 567, 1 South. 38, 39, on authority of Driggers v. Cassady, supra, and Carlisle v. Watts, supra, the whole question is concluded by the observation that—

"A decree of sale, made in a proceeding, which does not show the existence of the facts on which the jurisdiction is based by the statute, is coram non judice, and is not evidence against the owner in a suit by a purchaser to recover the lands."

And in Crook v. Anniston City Land Co., 93 Ala. 4, 6, 9 South. 425, is contained the declaration that a legal assessment is the initial step in tax proceedings, and is the foundation of the proceedings in the probate court for the condemnation of the land to the payment of delinquent taxes without which jurisdiction does not attach. "The assessment of lands to the owner should be regarded as more imperative under the present statutes. These statutes, upon the delivery by the collector of a book in which he is required to enter each parcel of real estate assessed to any person against whom taxes have been assessed, and the amount of unpaid taxes and charges due by such person, require the judge of probate to issue notice to the owner, his agent or representative, of each parcel of real estate entered in the book, to appear on a day named, and show cause why a decree of sale should not be made. The assessment, as entered in the book delivered by the collector to the judge of probate, is his only means of knowing to whom the notice must be issued."

In Doe ex dem. Saltonstall v. Riley, 28 Ala. 164, 181 (65 Am. Dec. 334), Mr. Chief Justice Chilton said of petitions for the sale of intestate's land made to orphans' court that—

"Although *recitals in the decrees of courts of special, limited powers cannot give jurisdiction;* yet, when the jurisdiction otherwise appears, as in this case by the exhibition of the petitions and the action of the court thereon, we may look to the decree, to see whether its action is predicated upon the petitions separately, or as constituting but one application."

In Arnett v. Bailey, 60 Ala. 435, a sale by a personal representative of devisee's lands for the payment of debts and the sale was collaterally attacked, Mr. Justice Stone declared that where the record shows that two petitions were filed, one will be considered an amendment of the other in order to sustain the jurisdiction of the court; and when the jurisdiction is shown to have attached by the filing of a sufficient petition, the sale cannot be collaterally impeached, because the names and residences of all the parties in interest are not stated in the petition; nor because less than 40 days elapsed between the filing of the petition and the day set for the hearing; nor because the order setting a day for the hearing of the petition appears to have been made several days before the petition was filed—such mere irregularities not affecting the validity of the sale when collaterally attacked. It is observed that jurisdiction is rested on the fact of a petition for the sale, sufficient to invoke the jurisdiction of the court to such end.

There are cases by our court declaring the prima facie effect of a recital in the decree

of notice; that, while recitals of a decree that notice has been given as required by law may be prima facie sufficient, it does not prevent the introduction (in trial of ejectment) of the original notice in evidence to show whether a sufficient notice was given. McGee v. Fleming, 82 Ala. 276, 3 South. 1; Riddle v. Messer, 84 Ala. 236, 242, 4 South. 185.

After all has been said, there must be a valid assessment, and where the statute required the making up of a delinquent list, there must be a delinquent tax list made up as prescribed by law before there can be a valid sale. Metz v. Starcher, 60 W. Va. 657, 56 S. E. 196, 116 Am. St. Rep. 925; Gunter v. Townsend, 202 Ala. 160, 79 South. 644; Mayor v. Allison, 191 Ala. 316, 68 South. 142. The statutory requirements of a municipal tax sale are that an assessment having the force of a judgment be made (Code, § 1313); within the designated time after the taxes become delinquent, a list shall be made out and certified by the city or town clerk, etc. (section 1319); that such list shall be filed with the register in chancery, whereupon the register is directed to issue a summons (section 1320); and service perfected on an unknown owner is required by section 1321; and it is only after such statutory requirements have been complied with that a final decree is rendered. Gunter v. Townsend, supra.

The writer sought to make plain in former opinion that the whole proceedings must rest on statutory requirements—on a valid assessment by the town of Woodlawn before its consolidation with the city of Birmingham, etc. There is nothing in the record to show the necessary statutory compliance—of a valid assessment by the town of Woodlawn, nonpayment of taxes, and delinquency and certification thereof by the town of Woodlawn or by the city of Birmingham. It must be conceded, as stated in former opinion, that if the town of Woodlawn had a valid assessment, its consolidation with the city of Birmingham would thereafter, on default of payment of taxes, authorize the city of Birmingham to enforce that lien. Before the city of Birmingham, however, can take such statutory action as to such property, the record must affirmatively show that the town of Woodlawn had such lien and that delinquency was reported; and this the record does not show.

It would appear that jurisdiction of the subject-matter was not shown by the record otherwise than by mere recital contained in the decree of sale. This is not sufficient to show that the court had jurisdiction of the subject-matter to proceed to condemnation and sale.

McCLELLAN, J., concurs in the opinion of THOMAS, J.