# CHARLESTON.

### MILLER et al v. PARSONS.

Submitted October 15 1918. Decided October 29, 1918.

1. TAXATION—*Delinquent Return—Requisites—Record.*

   To constitute a complete and valid delinquent return the sheriff must not only make up such list and verify it as required by statute, but the same must be laid by him before and acted on by the county court as required by section 24 of chapter 30 of the Code, and such action must be made to appear by the record. The court can speak only by its record. (p. 48).

2. SAME—*Tax Sale—Delinquent Return—Validity* .

   A sale of delinquent land and purchase thereof, and deed made to the purchaser based on a delinquent return not so completed by the action of the county court thereon and record thereof by the court, are absolutely void and will be set aside at the suit of the owner and removed as a cloud on his title. (p. 48).

Appeal from Circuit Court, Jackson County.

Bill by Harry G. Miller and others against T. I. C. Parsons. Decree dismissing the bill, and plaintiffs appeal.

*Reversed, and decree for plaintiffs.*

*Pendleton, Mathews & Bell,* and *Thomas Coleman,* for appellants.

*J. L. Wolfe* and *T. J. Sayre,* for appellee.

MILLER, JUDGE:

Plaintiffs appeal from the decree below dismissing their bill and denying them the relief prayed for. The object of the bill was to set aside a certain tax deed, made by C. C. Staats, clerk of the county court of Jackson County, to the defendant, T. I. C. Parsons, dated December 6, 1916, purporting to convey to defendant as purchaser thereof at a tax sale made by the sheriff in December 1914, for the taxes of 1912, a certain lot recited in the deed to have been assessed in the name of J. W. Miller as "Pt. Lot No. 267, Town of Ravenswood," and conveyed as "situate lying and being in Jackson County, West Virginia, in the town of Ravenswood,

and being known as part of lot No. 267 in said Town, located and fronting on the south side of Sand Street, binding 44 feet on said street and running back, of that width to an alley and binding on said alley, and known as the 'Cline Lot.' ''

The first proposition relied on is that there was no delinquent list such as the law requires as the foundation for a valid tax title. The facts as alleged and agreed are these: The lot in question was assessed on the land books for the year 1912, in the name of said Miller, as 1 lot No. 267, situated in Ravenswood. The delinquent list made up by the sheriff for that year and sworn to June 23, 1913, the validity of which is challenged, describes a lot delinquent in the name of ''Miller J. W., Pt. Lot 267.'' This delinquent list, the record shows, was laid before the members of the county court at a special session called for July 1, 1913, the call therefor being solely for ''the purpose of taking up and cancelling vouchers from W. L. McCowan, Ex-sheriff, and giving said McCowan credit for same.'' But it is agreed that the order books of said court does not show that any such special term of said court was held at the time so appointed, and that there is not on any order book of said court any order concerning said delinquent list. The only record thereof made was an endorsement by the clerk at the bottom of the original list prepared by the sheriff, as follows: ''At a county court held for the county of Jackson, at the court house thereof, on the 3rd day of July, 1913, this day W. L. McCowan, sheriff of this county, presented to the court a list of the real estate which is properly placed on the assessor's books, or is not ascertainable with the amount of taxes charged on such property for the year 1912, verified by his affidavit thereto appended, which said list being examined by the court and found to be correct, is therefore allowed.'' This was the only evidence offered tending to show the holding of such special session or the proceedings thereof, except that it was agreed that if J. P. Kiser, president, and D. R. Kester and R. H. Douglass, commissioners, were sworn, they would testify that the said court did hold a special session at the court house of said county, beginning July 1, and

extending to July 3, 1913, "and that said delinquent list was before said court and was acted on by it." What the action was does not appear however, except from the endorsement of the clerk as quoted above. The original list of the sheriff was brought here for inspection. It appears to be on a printed form headed, "A List of Real Estate in the County of Jackson Delinquent for the Non-Payment of Taxes Thereon for the Year 1912." And it appears to be sworn to by the sheriff in the form printed thereon. But the certificate of the clerk purporting to show the action of the court thereon does not identify it as a delinquent list, but as a "list of real estate which is properly placed on the assessor's books, or is not ascertainable with the amount of taxes charged on such property for the year 1912."

It is argued in accordance with our holdings in *Build. & Loan Asso.* v. *Sohn*, 54 W. Va. 101, and *Hardman* v. *Brannon*, 70 W. Va. 726, 730, that statutes authorizing tax sales and the summary proceedings therefor should be strictly construed, and that the facts essential to give jurisdiction should be made to appear. There can be no doubt of the correctness of this legal proposition, and it ought to be so because such proceedings involve the exercise of an extraordinary power and when valid divest the owner of the title to his land. But while this is true, the statute, §25, ch. 31 of the Code, cures many irregularities in tax proceedings after deed made, and to set aside such deed, as a general rule, it is necessary to show not mere irregularity, but the omission on the part of the public officers in charge of the proceedings to do or perform some duty required by the statute and essential to confer jurisdiction. In the case at bar there was a list made up by the sheriff for the year 1912, and an attempt was made to lay it before a special session of the county court called for July 1913. We have decided that where such list is laid before a county court at a special session, though the call therefor does not include that kind of business, and the court acts thereon pursuant to §24, ch. 30 of the Code, by examining the list and correcting the errors if any thereon and directs the clerk to certify copies to the auditor, the fact that such action was had at such special session does not

invalidate a tax deed made to the purchaser. *Friedman* v. *Craig,* 77 W. Va. 223; *Hornage* v. *Imboden,* 57 W .Va. 206. Here we have presented a case where the call for the special session not only did not cover the subject, but where there is absolutely no record evidence of the holding of any such special session, nor of the action of the court on any such delinquent list, unless the certificate of the clerk endorsed on the original list constitutes such record. True we have the stipulation of counsel that if the president of the court and the two commissioners thereof had been sworn, they would have testified that a special session was held and that said delinquent list was before the court and was acted on by it; but what the action was does not otherwise appear. We have observed that the certificate of the clerk does not identify the list acted on as a delinquent list, but as "a list of real estate which is properly placed on the assessor's books, or is not ascertainable," etc.

The question is thus presented, is the laying of the delinquent list before the county court and its action thereon as provided essential to a valid tax deed, and if so, may the court speak otherwise than by its record? Can any one say from the facts in this case how the court acted or whether it made any corrections if it did act, or for sooth whether or not it corrected the return as to the particular lot in controversy? If the record was necessary and the owner entitled to notice thereof, what record would he have found of these proceedings? Absolutely none. It is axiomatic that courts must speak by their records, and what is not thus made to appear does not in legal contemplation or effect exist. If the action of the county court and the record thereof were indispensable to a complete delinquent return, then there was no delinquent return in this case, and without such return a tax deed based thereon would be absolutely void. *Metz* v. *Starcher,* 60 W. Va. 657; 37 Cyc. 1293-4; *Ritchie Lumber Co.* v. *Nutter,* 66 W. Va. 444; *McCallister* v. *Cottrille,* 24 W. Va. 174; *Williamson* v. *Russell,* 18 W .Va. 612; *Carrell* v. *Mitchell,* 37 W. Va. 130, 135.

We hold that to constitute a valid and complete delinquent return the same must be laid before the county court

as required, and that the action of the court thereon must appear of record and not alone in the memory of the county commissioners; that without such record all subsequent proceedings, by recordation of such return in the clerk's office, certification thereof to the auditor, sale by the sheriff, and deed by the clerk to the purchaser, are wholly invalid, and that no title is thereby vested in the purchaser. Having reached this conclusion, it becomes unnecessary to consider further any of the other questions presented and argued by counsel. Our conclusion is to reverse the decree, set aside the deed to the purchaser as a cloud on the title of the plaintiffs, and to award them costs in this court and in the circuit court in this behalf expended.

*Reversed, and decree for plaintiff.*