# CHARLESTON.

John T. Cooper v. Thomas Coleman and H. Marsh.

Submitted October 31, 1922. Decided November 14, 1922.

1.    Taxation—*Delinquent Return of Municipal Requisites.*

     A deed made by the clerk of the county court to the purchaser at a sale by the sheriff of lands delinquent for the

non-payment of the municipal taxes of the city of Parkersburg, in Wood County, thereon, not based on a delinquent list made out, reported, approved, transmitted and recorded in the said clerk's office pursuant to the laws and ordinances governing such proceedings, is invalid and confers upon the grantee therein no title to the property purporting to be conveyed thereby. (p. 305).

2.   SAME—*Delinquent Return of Municipality Made by Official Unauthorized to Make Same Is Illegal and Void.*

The laws and ordinances of said city requiring the city collector to make out and return lists of lands delinquent for the non-payment of the municipal taxes thereon are not satisfied by lists thereof made out and returned by the superintendent of the department of accounts and finance created by section 7 of chapter 83, Acts 1911, upon whom the authority to make out such delinquent list has not been in any manner conferred, and such return made by such superintendent is illegal and void, and a sale by the sheriff and the deed for such real estate to the tax purchaser made pursuant to such void delinquent return is invalid and void for want of authority in the premises.   (p. 305).

3.   SAME—*Invalid Tax Deed Will Not Support Judgment in Ejectment in Favor of Tax Purchaser Against Owner.*

A judgment in ejectment in favor of such tax purchaser and against the owner of the real estate sold and conveyed, based solely on such invalid tax deed, will be reversed on writ of error presented here.   (p. 307).

Error to Circuit Court, Wood County.

Suit in ejectment by John T. Cooper against Thomas Coleman and others.   Verdict for plaintiff, and defendants bring error.

*Reversed and remanded.*

*Merrick & Smith,* for defendants in error.

*J. W. Vandervort* and *William Beard,* for plaintiff in error.

MILLER, JUDGE:

In ejectment the jury found for plaintiff an estate in fee simple in the lot of land sued for and described in the declaration by metes and bounds, and that the defendants were unlawfully withholding the possession thereof from him;

and the judgment pronounced thereon was that plaintiff recover of the defandants the possession of said lot, being Lot No. 2 in Dil's Addition to the City of Parkersburg.

The title relied on by the plaintiff was a tax deed of March 5, 1917, from C. E. Pahl, Clerk of the County Court of Wood County, West Virginia, to A. B. Cooper, and the tax proceedings recited therein, and a deed from the said A. B. Cooper to plaintiff for the same property, of April 3, 1918.

The tax deed recites that said lot was sold by the sheriff of Wood County, in the month of January, 1916, as lot No. 2, Dil's No. 1, in the name of F. O. Sutton et als., and was purchased by said A. B. Cooper, for the municipal taxes for the year 1913, and the interest and commissions thereon, amounting to $6.31, and that more than one year had elapsed since said sale, and said lot not having been redeemed as prescribed by law, and the purchaser Cooper having since the expiration of the year caused a report to be made to the said clerk specifying by metes and bounds the real estate so purchased, as required by law, and in consideration of the premises and pursuant to the statute, the party of the first part thereby granted, bargained and sold to the second party, his heirs and assigns forever the real estate so purchased, describing it according to the said report.

The plaintiff also offered in evidence the deed from F. O. Sutton and wife to Thomas Coleman, dated November 16, 1918, for the same property, showing along with other things that both parties to the suit had derived their respective titles and claims to the property from the same source. Plaintiff also put in evidence sundry tax receipts for the taxes, state, county and municipal, accruing since the date of his alleged purchase of the property in 1916, for the municipal taxes thereon for the year 1913.

Before concluding his evidence the plaintiff introduced and read to the jury sections 10 and 11 of chapter 32 of the city code of 1906, section 10 providing that delinquent lists should be made out by the city collector on the first day of June of each year as required by section 4 of chapter 12 of said code and by section 31 of the charter, also providing

the forms for such lists and the forms of oath required of the collector in making his return, as folows: "I, A. D., Collector of the City of Parkersburg, do swear that the foregoing list is, I verily believe, correct and just and that I have received no part of the taxes for which the real estate therein mentioned is returned delinquent, and I have used due diligence to find property within my city liable to distress for said taxes and have found none."

Section 11 of said chapter requires that a copy of said lists, one for the real estate, the other for the personal property returned delinquent, be immediately posted by the collector at the front door of the court house of Wood county, and also at the front door of the city building, and that after they have remained so posted for one week they shall be presented by the collector to the council at its next meeting, and be referred to the finance committee, who as soon as practicable shall examine them, and having done so and become satisfied of their correctness, or having corrected them if erroneous, shall make report thereon to the council. And it is further provided that after the council shall have approved these lists, it shall direct the city auditor to certify a copy of the delinquent real estate to the auditor of the State, in order that it may be sold by the sheriff of Wood County for taxes, interest and commissions thereon, in the same manner and at the same time as real estate for the non-payment of state and county taxes is sold.

It is further provided that the original lists shall be preserved by the city auditor in his office, and that the delinquent list of real estate shall, after confirmation by the council, be recorded by the auditor in a well bound, permanent book, furnished by the city, which shall be filed and preserved in the office of the clerk of the county court of Wood County; that after said lists have been so presented to the council, the collector shall receive no money on account of the taxes so returned delinquent; and that after said delinquent real estate list has been presented to the council and before the city auditor has certified the same to the auditor of the State, any person so desiring may pay any tax thereon

to the city auditor, who is required to immediately deposit the same in the city treasury, note payment on said list, and report the same to the council at its next regular meeting.

Plaintiff also introduced in evidence and read to the jury section 3 of chapter 83 of the Acts of 1911. The title of the act is as follows: ''An Act to amend and re-enact chapter sixty-six of the acts of one thousand nine hundred and three, and chapter four of the acts of one thousand nine hundred and seven, extraordinary session of the legislature, incorporating 'The City of Parkersburg,' in the county of Wood, and repealing all acts and parts of acts inconsistent or in conflict herewith.''

Said section 3 provides as follows: ''All general and special laws of the State of West Virginia, governing cities and now applicable and not inconsistent with the provisions of this act, shall apply to and govern the city of Parkersburg. All by-laws, ordinances and resolutions lawfully passed and in force in the city of Parkersburg under its former organization, and not inconsistent herewith, shall remain in force until altered or repealed by the council elected under the provisions of this act. All rights and property heretofore vested is said city are continued and preserved, and no right or liability, either in favor or against it, existing at the time, and no suit or prosecution of any kind, shall be effected (sic) by such change, unless otherwise provided for in this act.''

The list of lands delinquent for the non-payment of municipal taxes for the year 1913, relied on, was not introduced in evidence by the plaintiff, but the defendants showed in evidence on their behalf that the only list of delinquent lands for that year presented to the council was one presented by John O. Bullock, Superintendent of the Department of Accounts and Finance of the City of Parkersburg, at a meeting of the council held on August 14, 1914. The minutes of that meeting, introduced in evidence by the defendants, relating to the matter, is as follows: ''The Superintendent of the Department of Accounts and Finance presented the delinquent real estate tax list for the year 1913, amounting to $1,517.13. Mr. Stephenson moved that the Superintendent of Accounts

and Finance be allowed credit with the above amount and that a certified copy of the delinquent list be sent to the Auditor of the State of West Virginia, etc., as required by law. On the adoption of the motion the ayes were Messrs. Bullock, Pickens and Stephenson. The noes were none. Absent and not voting, Messrs. Bradford and Murdock. The motion was declared adopted.''

The defendants further proved by the city clerk, also custodian of the city records, that the delinquent list returned by Bullock, Superintendent, etc., was never referred to the finance committee, and that there was no order of the council, so far as found, directing a copy of said delinquent list to be certified to the clerk of the county court to be recorded and preserved by him in his office, as provided by ordinance and the city charter, chapter 66 Acts 1903.

It is contended for defendants that these facts show that there was no delinquent list made out and returned upon which the tax title or tax deed of plaintiff could be founded; that the list returned by Bullock, Suprintendent of Accounts and Finance, though sworn to by him in the form prescribed by ordinance for the collector, amounted to no return, because not authorized by statute or ordinance. If this contention be well founded, we need not consider any of the other questions presented, for without a delinquent list or one authorized by law, returned according to law, all subsequent proceedings become absolutely void, and of no effect to pass the title of the owner to the tax purchaser. This proposition is supported by numerous decisions. *Miller* v. *Parsons*, 83 W. Va. 47, and cases cited.

Nowhere in the general law or in any provision of the charter or ordinance do we find any provision or authority for a delinquent return by the superintendent of the department of accounts and finance. Section 7 of chapter 83, Acts 1911, amending and re-enacting the charter of said city, distributes the executive and administrative powers, authority and duties of the city among five departments thereby created, among which is: ''2. Department of Accounts and Finance.'' And this section delegates to the city council the power to deter-

mine the powers and duties to be performed by, and to assign them to the appropriate departments, and also gives the council the power to require of its officers and employees so appointed or designated performance of the duties of two or more of the departments, and to make such other rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the city.

Section 8 of said act provides that the mayor shall be superintendent of the department of public affairs, and says that the council at its first meeting after the election of its members, shall designate by majority vote one councilman to be superintendent of the department of accounts and finance, one of public safety, one of the department of streets, parks, public improvements and public property, and one of the department of waterworks and sewers; but that such designation may be changed whenever it appears that the public service would be benefitted thereby.

It also provides in the last paragraph of said section, that the council may at said first meeting elect by majority vote the following officers: a clerk, solicitor, city civil engineer, city physician, chief of police, chief of fire department, city collector, street commissioner, police judge and such other officers and assistants as shall be provided for by ordinance and necessary to the proper and efficient conduct of the affairs of the city.

There is nothing in the record, except in the general language of section 7 of the charter, to show what specific duties were devolved upon the superintendent of the department of accounts and finance, nor is there in the record, other than what appears in section 65 of chapter 66, Acts 1903, and in sections 10 and 11 of chapter 32 of the city code 1906, anything to show the duties of the collector. Plaintiff made no showing of any ordinance enacted pursuant to said sections 7 or 8 of chapter 83, Acts 1911, devolving upon the superintendent of the department of accounts and finance the duties respecting the collection of taxes and the delinquent returns previously devolved by statute and ordinance on the collector. On the contrary, by introducing in evidence the prior pro-

vision of the old charter and the several ordinances relating to the powers and duties relating to the collector and the proceedings for making delinquent returns of real and personal property, he has seemingly referred the authority of the superintendent of accounts and finance to the laws and ordinances enacted prior to the charter of 1911. If the duties of the collector, chosen by the council instead of by the people at an election, as provided in section 7 of chapter 66, Acts 1903, are the same as those provided for in that act and the ordinances heretofore referred to, the superintendent of the department of accounts and finance had no authority or duty devolved upon him to make out and return the deliquent list of 1913, upon which the plaintiff's deed is predicated, and that deed must, under the authorities cited, be regarded as void and of no effect. If the superintendent of the department of accounts and finance had any such authority, it devolved upon the plaintiff to show it. The evidence of the defendants would seem to negative such authority; indeed, we think it sufficiently established the lack of any such authority.

Having reached this conclusion, it becomes unnecessary to respond to the numerous other points argued and urged upon our consideration. The rulings of the trial court upon the evidence and upon the giving and refusing of instructions will be inapplicable to the new trial awarded, which must depend upon some new title set up by plaintiff or a different showing of facts than those now presented by the record before us.

The judgment will be reversed, the verdict set aside, and the defendants awarded a new trial.

*Reversed and remanded.*